## No. C-1386

**Margaret M. Ekberg, individually and as mother and natural guardian of Michael Dale Ekberg, a Minor, and Raul and Wilma Talamantes, individually and as parents and natural guardians of Donald Wayne Talamantes, a Minor v. Kenneth C. Greene, individually and doing business as Greene's Fina Service**

(588 P.2d 375)

Decided December 4, 1978.                    Rehearing denied January 8, 1979.

Kenneth N. Kripke, for petitioners.

Madden and Strate, P.C., William J. Madden, for respondent.

*En Banc.*

MR. CHIEF JUSTICE HODGES delivered the opinion of the Court.

Petitioners Ekberg and Talamantes (plaintiffs) instituted this negligence action to recover damages for injuries sustained in a flash fire which occurred in the restroom of respondent (defendant) Greene's service station. The jury rendered a verdict for plaintiffs and the trial court entered judgment. The court of appeals reversed, holding that, as a matter of law, defendant's negligence was not the proximate cause of the plaintiffs' injuries. *Ekberg v. Greene,* 39 Colo. App. 455, 571 P.2d 727 (1977).

We granted certiorari and now reverse. We hold that proximate cause is an issue of fact under the record of this case, and therefore was properly a jury question.

Construing the evidence in the light most favorable to the verdict, the following facts were established at trial. *See Kiefer Concrete, Inc. v. Hoffman,* 193 Colo. 15, 562 P.2d 745 (1977). Defendant operated a gas station and a used car business on the premises in question. His land was situated across the street from a shopping center and movie theater, and patrons of those businesses, including the plaintiffs, regularly crossed the street and used the restroom. Greene knew of the public's use of the restroom.

The room was heated by a natural gas heater which defendant had personally installed. Soft copper tubing connected the outside gas line to

the inside heater. The tubing was unsupported and extended several inches from the wall. One of defendant's expert witnesses described the installation as "precarious." There was no automatic shutoff valve and no ventilation, except for two windows in the restroom.

The restroom had been vandalized on several occasions in the past. Six months before the accident in question occurred, someone had broken the sink and the toilet. Notwithstanding the past vandalism of which the defendant was fully aware, he installed no padlocks or other security devices to prevent entry nor did he post any warning signs. The door was equipped with a standard key lock, which defendant admits could have been opened with an ordinary credit card. There was also testimony that the door was never locked and was not locked on the night in question and that the sole light fixture in the bathroom did not work.

On November 16, 1974, defendant closed his station at 5:00 p.m. and left. Around 8:00 p.m., an employee of a restaurant across the street observed four young men prowling around the station and exiting from the restroom. At approximately 8:30 p.m., plaintiff Ekberg (then age fifteen), and plaintiff Talamantes (then age thirteen), and another friend departed from a nearby restaurant and walked to the service station in order to use the restroom. Ekberg partially opened the door to the restroom and struck a match in order to light a cigarette. The match ignited the natural gas which had escaped from the heater installation; the room erupted in a flash fire. The blast knocked the boys backward and severely burned them. Subsequent investigations revealed that the gas leak had been caused by severed tubing, which apparently had been broken at some previous time.

The jury rendered a verdict for the plaintiffs and the trial court entered judgment. On appeal, the court of appeals did not disturb the jury's finding that Greene was negligent in installing the heater and/or in failing to properly secure the restroom. The court of appeals reversed, however, on the sole ground that Greene's negligence was not the proximate cause of plaintiffs' injuries. It is this issue which is before us on certiorari.

At the outset, we note the general tort rule that an intentionally tortious or criminal act of a third party is not a superseding cause immunizing the defendant from liability, if it is reasonably foreseeable. *See Restatement, Second, Torts,* §§448, 449; *Mile High Fence Co. v. Radovich,* 175 Colo. 537, 489 P.2d 308 (1971). We are convinced that under these facts, there is sufficient evidence upon which the jury could have concluded that the vandalism of the restroom and plaintiffs' injuries were reasonably foreseeable. The past history of vandalism of the restroom, including destruction of the sink and toilet only six months before the incident, and the defendant's failure to secure the room against future incidents created a likelihood that the room might be vandalized again. The precarious installation of the gas heater, the lack of safety devices, and the absence of any light in the room raised a strong possibility that the

vandalism would create a dangerous condition in the restroom. Given the extensive use made of the restroom by the public, the jury could have reasonably concluded that it was foreseeable that members of the public would be injured.

The court of appeals based its reversal of the jury verdict on the ground that in order to impose liability, the specific manner in which the injury occurs must be foreseeable. The court of appeals found that Greene could not have anticipated the type of damages inflicted by the vandals and therefore ruled, as a matter of law, that the case should not have gone to the jury. We do not agree with this conclusion because it places an undue limitation on proximate cause as an element in situations involving an intervening act. Where the circumstances make it likely that defendant's negligence will result in injuries to others and where this negligence is a substantial factor in causing the injuries sustained, the requirement of proximate causation is satisfied. An intervening act of a third party does not absolve the defendant from responsibility if that act is reasonably and generally foreseeable. Here the jury undoubtedly determined from the disputed evidence that the intervening act was reasonably foreseeable.

The court of appeals was mistaken, therefore, in taking the determination of proximate cause away from the jury and directing that the trial court enter judgment dismissing the plaintiffs' complaint. Rather than resting on mechanistic rules of law to determine tort liability, a court should ordinarily allow the jury to make a determination of what is reasonable in each factual setting. *See Kiefer Concrete, Inc. v. Hoffman, supra; Mile High Fence Co. v. Radovich, supra; Calkins v. Albi,* 163 Colo. 370, 431 P.2d 17 (1967).

There was sufficient evidence pertaining to foreseeability in the present case to allow the issue of proximate cause to be submitted to the jury. The trial court properly submitted this issue to the jury.

The other allegations of trial court error advanced by the defendant before the court of appeals have no merit and require no discussion.

Accordingly, we reverse the judgment of the court of appeals and remand with directions to affirm the trial court judgment.

MR. JUSTICE PRINGLE and MR. JUSTICE GROVES dissent.

MR. JUSTICE CARRIGAN does not participate.

MR. JUSTICE PRINGLE dissenting:

I respectfully dissent. I do not believe that *MIle High Fence v. Radovich,* 175 Colo. 537, 489 P.2d 308 (1971), should or can be extended to make an owner of property liable for injuries incurred by a trespasser as a result of acts done by another trespasser (vandals) of which the owner of

the property had no knowledge. In my view, the majority opinion practically imposes absolute liability upon the owner of property to anyone injured on that property. I agree with the reasoning of the court of appeals and would therefore affirm that judgment.

I am authorized to say that MR. JUSTICE GROVES joins in this dissent.