**ESTATE OF Herbert L. NEWTON, Jr., By and Through its Personal Representative, Mildred J. NEWTON, on Behalf of the Rightful Heirs thereof, Mildred J. NEWTON, individually on behalf of herself and the minor children of the said deceased, Plaintiffs-Appellees, Cross-Appellants,**

v.

**Charles Dean McNEW, a/k/a Poncho McNew, d/b/a McNew Construction, Defendant-Appellant, Cross-Appellee.**

No. 83CA0570.

Colorado Court of Appeals, Div. III.

Oct. 25, 1984.

Rehearing Denied Nov. 29, 1984.

Certiorari Denied April 22, 1985.

James C. Anesi, Durango, for plaintiffs-appellees, cross-appellants.

Greengard & Senter, James E. Goldfarb, Denver, for defendant-appellant, cross-appellee.

TURSI, Judge.

Defendant, Charles Dean (Poncho) McNew, appeals from a judgment entered on a jury verdict finding him liable for the wrongful death of Herbert L. Newton, Jr., after Newton died from a heart attack as a result of fighting a fire allegedly started by McNew. Plaintiffs cross-appeal the granting of defendant's motion for summary judgment dismissing their claim for outrageous conduct. We affirm.

The testimony shows that on February 13, 1981, McNew and his employees were participating in the construction of a home in Bayfield, Colorado. On the back of the lot where the house was being constructed was a flat piece of land consisting of bare dirt on which McNew and his workers would occasionally burn pieces of rubbish from the construction site at the end of the day. When McNew and his employees left the construction site after completing work on the 13th, the rubbish in the fire area was still burning. There was conflicting evidence presented as to whether the burn

area was still flaming or whether it was just smoldering.

The neighborhood in which the incident occurred had several children in it. McNew and his workmen had spoken to the children on previous occasions, telling them to stay away from the fire. After the workers left, two small boys who lived nearby went to the construction site and began playing with the fire. One of the boys picked up a piece of paper which burned his fingers causing him to throw the paper into the air. The wind blew the paper to a fence separating the construction site from property owned by Cecil Hassteadt where some weeds and a storage shed caught fire. When the Bayfield Voluntary Fire Department arrived minutes later, Newton, who lived next door to the Hassteadt property, asked whether he could assist in the fire fighting effort. Newton took a fire hose from the fire department truck and began hosing down the house and garage on the Hassteadt property which was next to the burning shed. After approximately 30 minutes of this activity Newton suffered a heart attack and died shortly thereafter.

McNew's first contention on appeal is that he owed no duty to exercise reasonable care towards Newton because Newton had acted as a rescuer of property, as opposed to a rescuer of a person in imminent peril. We disagree.

While there is no established precedent in Colorado on whether the rescue doctrine applies to rescuers of property, the majority of states apply the rule that a duty is owed to one who tries to rescue the property of another. We are persuaded that it is the proper rule to be applied here. *See W. Prosser & W. Keeton, Torts* § 44 (5th ed. 1984); *Schmartz v. Harger*, 22 Conn.Supp. 308, 171 A.2d 89 (1961). Whether the standard of conduct required of McNew as a reasonable person was breached and whether that breach, if any, was a foreseeable cause of the injury to Newton was properly submitted to the jury.

McNew's next contention is that his conduct was not the proximate cause of Newton's injury because the actions of the two boys in spreading the fire constituted an intervening cause.

An intervening cause relieves a defendant of liability for negligence only if the intervening cause is not reasonably foreseeable. *Bradford v. Bendix-Westinghouse Automotive Air Brake Co.*, 33 Colo. App. 99, 517 P.2d 406 (1973). Here, there was ample evidence from which the jury could infer the foreseeability of the alleged intervening acts as within the scope of the original risk. *See W. Prosser & W. Keeton, supra,* at § 44.

McNew's remaining contentions of error are without merit.

Plaintiffs cross-appeal the trial court's entry of summary judgment for McNew on their outrageous conduct claim. To recover for outrageous conduct, it must be shown that the conduct in question is shocking to the conscience and was perpetrated intentionally or recklessly so as to cause severe emotional distress to another. *Rugg v. McCarty*, 173 Colo. 170, 476 P.2d 753 (1970); *Deming v. Kellogg*, 41 Colo. App. 264, 583 P.2d 944 (1978). There are no facts in this case to support a claim that McNew's conduct was so extreme or outrageous as to go beyond all possible bounds of decency or to be regarded as intolerable in a civilized society. *Rugg v. McCarty, supra.* Negligent conduct is not necessarily intentional or reckless. Therefore, the trial court properly granted summary judgment on this claim.

Judgment affirmed.

KELLY and METZGER, JJ., concur.