**Decided April 3, 1987**

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
COMMONWEALTH TRIAL COURT

ANTONIQ P. GUERRERO,

 Plaintiff,

 vs.

L & T INTERNATIONAL CORP.
d/b/a FUN AND GAMES, JUAN
AQUINO, and WILLIAM LELY,

 Defendants.

 ) CIVIL ACTION NO. 86-814
 )
 )
 )
 )
 )
 )
 )
 )
 )
 ) MEMORANDUM OPINION

L & T INTERNATIONAL CORP.

 Cross Claimant and
 Third Party Plain-
 tiff,

 vs.

JUAN AQUINO, WILLIAM LELY,
and DOES I THROUGH V, INCLU-
SIVE,

 Cross Defendants,

 and

GEORGE C. DUENAS, d/b/a
COMMONWEALTH SECURITY,

 Third Party
 Defendant Cross-
 Claimant and
 Counter-Claimant.

## BACKGROUND

L & T International Corporation, doing business as Fun and Games (hereafter L & T), operates several

establishments on Saipan. The "Fun" is playing poker machines by customers and the "Games" are to see who comes out ahead – L & T or the customers. In this case the customer is the plaintiff who was a frequent player of L & T's machines prior to December 7, 1985. On that date, she was dealt a bad hand. At about 5:00 a.m., robbers entered the premises and ordered the plaintiff and others to lie on the floor. During the course of the robbery, a firearm held by one of the robbers discharged a bullet struck the plaintiff in the foot. She filed suit against the robbers and L & T. The count in the complaint against L & T alleges that L & T posted guards for protection of its patrons and that the guards were insufficiently trained to protect the patrons including, of course, the plaintiff. It is further alleged that the guards failed to take any steps to prevent the robbery although L & T was "fully aware" of the risk of such a robbery. After discovery, L & T filed a motion for summary judgment pursuant to Com.R.Civ.P. 56.[1] The thrust of the motion is that the facts do not show there was any duty L & T owed to plaintiff because of the criminal acts of the robbers.

---

[1] At the same hearing on L & T's motion, the third party defendant, George Duenas, doing business as Commonwealth Security (Duenas) moved for summary judgment against L & T on the latter's third party complaint. Since the issues in that motion are basically the same as in the motion brought by L & T against the plaintiff, the court focuses on the latter. Should L & T's motion be granted, Duenas agrees that his motion is moot.

In the consideration of L & T's motion, the court shall consider the facts gathered from discovery and the affidavits in support and in opposition to the motion. As pointed out by the plaintiff, some culling out is required because the affidavits are not all fact oriented but include hearsay or simply conclusions of the affiant. Nonetheless, there are certain basic facts not in dispute.

The plaintiff had visited L & T's Garapan establishment at least 50 times prior to December 7, 1985. There had been no prior robberies or injuries at any of L & T's emporiums. According to police statistics available, there were two robberies reported in the year 1984 for the Garapan area on Saipan and four in 1985. At the time of the robbery there was at least one guard on duty who was not armed. No guards of L & T had been armed before.[2]

Plaintiff argues that foreseeability is the issue and there are sufficient facts to present the case to a fact finder. The basis of this assertion can be summarized into three parts. First, it is argued that since there were four reported robberies in Garapan in 1985, a triable issue is present to determine if Garapan was a high crime area sufficient to put L & T on notice

[2]Although plaintiff argues that the statements in the affidavit of Willie Tan in respect to whether the guard was armed is hearsay, at the hearing it was conceded by plaintiff's counsel that the guard(s) was not armed at the time of the robbery.

of the risk of a robbery at its establishment. Second, since the guards of L & T were there to protect the patrons, this is a factor for a trier of fact to find that L & T anticipated a robbery. Third, the very fact that L & T hired and posted guards prior to the robbery, indicates L & T foresaw the possibility of a robbery.

DISCUSSION - THE LAW

■The starting point for the analysis of any claim of negligence of a party because of the criminal acts of third parties is §302B of the Restatement of Torts, 2d.[3] Succinctly stated, a defendant is liable to a plaintiff for the criminal acts of a third party only when the defendant realized or should have realized that the defendant's act or omission involved an unreasonable risk of harm to the plaintiff. If the plaintiff fails to show that the risk of harm was foreseeable, there is no duty and hence no liability for any injuries the plaintiff may have received at the hands of the criminals. Whether or not there is a duty on the part of the defendant to protect the plaintiff from injury of which he/she complains is based on foreseeability. Rager v Superior Coach Sales and Services of Arizona, 526 P.2d 1056 (Ariz. 1974).

---

■[3]Since there are no specific statutes on this matter, the court is obliged to apply the law as expressed and approved in the restatement of the law by the American Law Institute. 7 CMC §3401.

An intentionally tortious or criminal act of a third party is not a superseding cause immunizing the defendant from liability if it is reasonably foreseeable.

> Collins v Greenstein, 595 P.2d 275 (Haw.)
>
> F & T Company v Woods, 594 P.2d 745. (N.M.)
>
> Ekberg v Greene, 588 P.2d 375 (Colo.)

In considering defendants' summary judgment motion, certain other basic principles must be applied. The burden is on the plaintiff to demonstrate that the facts give rise to a legal duty on the part of the defendant. Restatement of Torts, 2d, §328A. It is for the court to determine whether the facts of the case give rise to any legal duty on the part of the defendant. Restatement of Torts, 2d, §328B(b). Thus, whether the defendant owes a duty to the plaintiff under the facts as presented is strictly a question of law.

A shopowner, such as L & T, who holds its premises open to the public for business purposes is subject to liability to customers while on the premises for injuries received at the hands of criminals if the shopowner fails to exercise reasonable care to discover that the act of the third person is likely to be done. Restatement of Torts 2d, §344(a); 72 ALR 2d 1269; 62 AmJur2d, Premises Liability, §200.

The act of a third person in committing a crime is a superseding cause of harm to another resulting

therefrom, although the actor's (defendant's) negligent conduct created a situation which afforded an opportunity for the criminal to act, unless the defendant at the time of his negligent conduct realized or should have realized the likelihood that such a situation might be created, and that the criminal might avail himself or herself of the opportunity to commit the crime. Restatement of Torts, 2d §448.

## DISCUSSION - THE FACTS IN LIGHT OF THE LAW

It is clear in this case that the robbery of December 7, 1985 which resulted in plaintiff's injuries was not a reasonably foreseen event. There is a complete absence of any prior history of on-the-site criminal activity. Thus the fall-back position of the plaintiff must be that the area in which L & T's establishment was located at a high crime area which would have put L & T on notice of the risk of a robbery. The only facts that the court has before it in this regard is that two robberies occurred in 1984 and five in 1985. This does not rise to the level of creating a duty on the part of L & T. Section 344 comment (f) is instructive on the issue. It is stated therein that the shopowner is not an insurer of a customer's safety and the former has no duty to exercise any care until the shopowner knows or has reason to know that the acts of a third person are about to occur. If the shopowner can reasonably anticipate criminal conduct, then he may be

under a duty to take precautions against the criminal conduct and provide guards to afford reasonable protection.

█ The plaintiff has not shown that L & T knew of any criminal activity in the area which may have put L & T on notice of a possible robbery of their establishment. Indeed, it is only through an affidavit supporting defendant's motion that we learn now of the records of reported robberies in Garapan in 1984 and 1985. The plaintiff has not developed, by discovery or by any opposition to defendant's motion, anything to show knowledge of L & T (through its officers or employees) of a likelihood of criminal conduct which would subject its patrons to the risk of injury.

The plaintiff has not pled any facts that support the proposition that the location of L & T's Grapan establishment was in a high crime area. The only allegations in the count in the complaint against L & T in this regard is that L & T was "fully aware" of the risk of robbery.

█ Entry of summary judgment is mandated, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex v Catrett, ___ U.S. ___, 106 S.Ct. 2548 (1986).

The only fact at hand that possibly bears on pre-existing knowledge of L & T about a possible robbery is that L & T hired guards prior to the robbery. It is the theory of the plaintiff that since L & T took the precaution to post guards, this is tantamount to proving foreseeability or at least enables the plaintiff to survive a summary judgment treatment of her complaint.

No authority is given by the plaintiff for this proposition and L & T points out the obvious reverse logic of the theory.

Assume that two shopowners are side by side in a business district. Shopowner A hires guards to protect his premises and his patrons. The other shopowner, B, does not hire any guards. All other things being equal, it is plaintiff's theory that A, and not B, will be liable to a patron for a criminal act of a third party simply because he performed, at his expense, an entirely legal and laudatory act.

It is a well accepted evidentiary rule that measures taken to remedy a dangerous situation after the event upon which the negligence action is based, are not admissible into evidence. Com.R.Evid. 407. The public policy reasons for such a rule is to foster and encourage the reduction of risks, promote safety, and prevent the reoccurrance of similar injuries. The mere act of hiring guards prior to a robbery, likewise,

1077

cannot be used to supply plaintiff with a crucial element to her case.

Even if plaintiff could surpass the first hurdle of foreseeability of the robbery, she has not developed, by discovery or affidavits in opposition, any genuine issue of fact as to the failure of the defendant to adequately protect its patrons. The bare allegation in plaintiff's complaint that the guards of L & T were inadequately trained is nothing more than that - a bare allegation unsupported by any facts. But, even if such were the facts, the plaintiff has failed to show how or in what way this bears upon any negligence of the defendant. L & T asks the questions: What training is plaintiff referring to?; and, What could the guards have done in any event in light of circumstances surrounding the robbery and the fact that they were unarmed? The plaintiff is unable to answer these questions. Nor can the court discern how training or the lack of it presents any issue in the case.

 There must be a connection between negligence and the injury. An injury is the proximate result of negligence only where the injury is the natural and probable consequence of the wrongful act or omission. 57 AmJur2d, Negligence, §164.

 Plaintiff has presented no facts as to how or in what way the training (or lack of same) of the guards had anything whatsoever to do with plaintiff's receiving

1078

her injuries. Indeed, plaintiff now relies solely on the basis that L & T could have reasonably foreseen the robbery and should have done something to prevent it.

It is concluded, as a matter of law, that the undisputed facts do not demonstrate a duty owed by L & T to the plaintiff because the robbery and resulting injury to the plaintiff was not reasonably foreseen by L & T. Additionally, whether or not the guards of L & T were adequately trained has not been shown to provide a nexus or to be a proximate cause of plaintiff's injuries. Even if it could be said that the defendant was negligent in either not foreseeing the robbery or providing inadequately trained guards, L & T is immunized from liability because the robbery was the superseding cause of harm to the plaintiff.

Summary judgment will be granted defendant. The complaint of the plaintiff will be dismissed against L & T. The third party complaint of L & T against George Duenas will also be dismissed. Costs shall be allowed L & T against plaintiff.

Dated at Saipan, CM, this 3rd day of April, 1987.

Robert A. Hefner, Chief Judge.