Glenda SMITH, Plaintiff–Appellant,

v.

STATE COMPENSATION INSURANCE FUND and Ron Ahlstrom, Defendants–Appellees.

No. 86CA0497.

Colorado Court of Appeals, Div. II.

Dec. 10, 1987.

Dale S. Carpenter, III, P.C., Dale S. Carpenter, III, Lakewood, for plaintiff-appellant.

Hall & Evans, P.C., Brooke Wunnicke, Fredric A. Ritsema, Denver, for defendants-appellees.

VAN CISE, Judge.

This is an action for damages for wrongful death and for other relief brought by plaintiff, Glenda Smith, the widow of Gregory Smith (decedent), against defendants, State Compensation Insurance Fund (SCIF), the workmen's compensation insurer of decedent's employer, and Ron Ahlstrom, agent for SCIF. The widow appeals the summary judgment entered in favor of defendants dismissing all claims. We affirm.

The facts alleged in the widow's complaint, in the motion, in the briefs in support of and in opposition to the motion, and in the affidavits and other uncontroverted documents, were all assumed to be true for purposes of the motion. They are as set forth below.

In January 1982, decedent was injured in a work-related accident for which he received workmen's compensation benefits. By 1984, decedent was entitled to vocational rehabilitation, and, at the request of defendant Ahlstrom, a plan was drawn and submitted to defendants on June 29 calling for on-the-job training in an auto body repair shop to commence July 2. On June 29, Ahlstrom rejected the plan, stating that decedent's eligibility for vocational rehabilitation was being questioned.

On July 5, Ahlstrom reversed himself and approved the plan. Notification of the approval was not received by the vocational rehabilitation counselor or decedent until July 12. By the time the approval was received, the auto body repair shop position was no longer available. Defendants admitted that the delay in approving the plan was wrongful.

At 1:30 a.m. on July 23, decedent lost control of the motorcycle he was driving, slid into the oncoming traffic lane, and was ejected from his vehicle. He suffered injuries resulting in his death two days later. An analysis of a blood sample drawn from decedent two hours after the accident showed an alcohol level of 0.133 grams of alcohol per one hundred milliliters of blood.

The widow asserts in her pleadings, and in affidavits submitted in opposition to the summary judgment motion, that the wrongful handling of decedent's vocational rehabilitation plan by defendants distressed decedent and resulted in anger and depression which manifested itself in his drinking alcohol. Her theory of the case is that, if the vocational rehabilitation plan had been approved in a timely manner, then, on the night of the accident, decedent would have been home in bed instead of out on the roadway because he would have been going to work the next day. She contends that a causal connection exists between defend-

ants' wrongful conduct and the fatal motorcycle accident via decedent's frustration, depression, and drinking, and that, therefore, defendants are liable for decedent's death. We disagree.

A finding of negligence does not create liability on the part of a defendant unless that negligence caused the plaintiff's injury. *City of Aurora v. Loveless,* 639 P.2d 1061 (Colo.1981). The issue of causation is ordinarily a question for the jury, but if, as in this case, facts are undisputed and reasonable minds could draw but one inference from them, causation is a question of law for the court. *Moon v. Platte Valley Bank,* 634 P.2d 1036 (Colo. App.1981).

The test for causation is the "but for" test—whether, but for the alleged negligence, the harm would not have occurred. *Moore v. Standard Paint & Glass Co.,* 145 Colo. 151, 358 P.2d 33 (1960). The requirement of "but for" causation is satisfied if the negligent conduct in a "natural and continued sequence, unbroken by any efficient, intervening cause, produce[s] the result complained of, and without which that result would not have occurred." *Stout v. Denver Park & Amusement Co.,* 87 Colo. 294, 287 P. 650 (1930).

Here, decedent's death was occasioned by an independent, intervening cause—the motorcycle accident—which could not have reasonably been foreseen to occur as a result of the wrongful delay in approving his vocational rehabilitation plan.

Also, for a plaintiff to prevail on causation, it is necessary to show that the negligence was a "substantial factor" in producing the harm. *Hook v. Lakeside Park Co.,* 142 Colo. 277, 351 P.2d 261 (1960); *Restatement (Second) of Torts* §§ 431 and 433 (1965).

Here, several events may have brought about the harm to decedent. Under such circumstances, if an event other than the defendants' negligence appears predominant, the defendants' negligence cannot be considered a substantial factor. *See Restatement, supra,* § 433 (Comment to Clause (a)):

"There are frequently a number of events each of which is not only a neces-

sary antecedent to the other's harm, but is also recognizable as having an appreciable effect to bringing it about. Of these the actor's conduct is only one. Some other event which is a contributing factor in producing the harm may have such a predominant effect in bringing it about as to make the effect of the actor's negligence insignificant and, therefore, to prevent it from being a substantial factor. So too, although no one of the contributing factors may have such a predominant effect, their combined effect may, as it were, so dilute the effects of the actor's negligence as to prevent it from being a substantial factor."

In the present case, the cause of decedent's death was a motorcycle accident. Even if we assume for purposes of the motion that the defendants' negligence contributed to the accident, at least two other factors loom larger as substantial factors in the accident. These are the operation by the decedent of a motorcycle (1) after drinking heavily and (2) with a physical condition (knee in a brace) which the widow concedes in her deposition affected his ability to operate that vehicle. Either or both factors appear more predominant or substantial than that relied upon by plaintiff. Under these circumstances, the defendants' conduct was insignificant and not a substantial factor in causing decedent's death. *Hook v. Lakeside Park Co., supra.*

Therefore, we hold, as a matter of law, that since defendants' conduct was neither the "but for" cause nor a "substantial factor" in causing decedent's death, the motion for summary judgment dismissing all of the widow's claims was properly granted by the trial court.

We find the widow's other contentions are without merit.

Judgment affirmed.

ENOCH, C.J., and SMITH, J., concur.