Vicki BANYAI, Plaintiff–Appellant and Cross–Appellee,

v.

Francis ARRUDA, Tom Putt, Martha J. Patterson, Defendants–Appellees,

and

Paul Labee, Defendant–Appellee and Cross–Appellant.

No. 88CA1731.

Colorado Court of Appeals, Div. IV.

Aug. 30, 1990.

Rehearing Denied Sept. 27, 1990.

Suzanne Harvey Lynch, Denver, for plaintiff-appellant and cross-appellee.

The Law Firm of Mike Hilgers, Mike Hilgers, Arvada, for defendant-appellee Arruda.

Hall & Evans, Barbara A. Duff, Denver, for defendant-appellee Putt.

Burg & Eldredge, P.C., Michael S. Burg, Tom Van Buskirk, Denver, for defendant-appellee Patterson.

Ruh & Green, Richard P. Ruh, Denver, for defendant-appellee and cross-appellant Labee.

Opinion by Judge RULAND.

Plaintiff, Vicki Banyai, appeals from a summary judgment dismissing her negligence claims against defendants, Francis J. Arruda, Paul Labee, Tom H. Putt, and Martha J. Patterson. Labee cross-appeals asserting that summary judgment in his favor was proper on alternate grounds. We affirm in part, reverse in part, and remand the case for further proceedings.

Banyai's claims arise from a series of automobile accidents which occurred on a Summit County road during a blizzard. Arruda and Denis Guite were involved in the first accident. Arruda was eastbound and collided with Guite who was proceeding in the opposite direction. Both Guite and Arruda pulled to the side of the road.

Patterson stopped her vehicle to render assistance. Upon learning that assistance was unnecessary, Patterson attempted to drive from the scene. As Patterson was leaving, an approaching vehicle driven by Putt arrived and a second collision resulted.

Following these accidents, Banyai, a Summit County sheriff's officer, arrived at the scene followed by a second officer. After inquiries, the second officer directed Putt and Patterson to remove their vehicles to another area, and the second officer proceeded ahead of them in his vehicle.

After the second officer left the scene with Putt and Patterson, Banyai's vehicle was rear-ended by the drivers of two other vehicles not involved in this appeal. Banyai was seated inside her vehicle and was injured in the collision.

Banyai's claim against Labee is predicated upon the doctrine of respondeat superior as the employer of Guite and based upon allegations that Guite was acting within the course of his employment at the time of the first collision with Arruda.

The trial court dismissed the claims against all defendants based upon the so called "fireman's rule." The trial court also concluded that the "but for" causation test precluded any finding of negligence by these defendants for the collision which injured Banyai. The claim against Arruda was dismissed upon the alternate ground that there was no evidence of negligence on his part.

I.

■ Banyai contends that dismissal of her claims predicated upon the "fireman's rule" was error. We agree.

■ The "fireman's rule" provides that neither a firefighter nor a police officer may recover damages from a private party for negligence which requires the officer's presence at the scene. *See Winn v. Frasher*, 116 Idaho 500, 777 P.2d 722 (1989).

The rule was originally adopted in connection with claims asserted by a firefighter for injuries suffered at the scene of a

fire and has since been extended to include police officers who respond to calls for assistance or investigation. *England v. Tasker*, 129 N.H. 467, 529 A.2d 938 (1987). The reasons stated as modern support for the rule are that safety officers are employed, trained, and paid to confront dangerous situations in order to protect the public and that these officers undertake their profession with knowledge that personal safety is at risk. *See Kreski v. Modern Wholesale Electric Supply Co.*, 429 Mich. 347, 415 N.W.2d 178 (1987).

Arguably this rule has been rejected by implication in this jurisdiction. *See Rhea v. Green*, 29 Colo.App. 19, 476 P.2d 760 (1970). Even if it has not, we decline to adopt the rule here.

We do not view employment as a firefighter or police officer as legal acceptance of the negligence of others who expose the officer to injury in connection with an automobile accident. This is especially so when consideration is given to the fact that other public employees, like citizens in general, remain entitled to assert their claims.

Conversely, the officers remain liable to the driver if they fail to exercise due care in the operation of their vehicles, *see* § 24–10–106(1)(a), C.R.S. (1988 Repl.Vol. 10A) even when responding to an emergency consistent with the provisions of § 42–4–106(4), C.R.S. (1984 Repl.Vol. 17A).

While the officer's special skills, training, and experience may be considered with reference to any comparative negligence involved, in our view, a *per se* grant of immunity to those whose negligence creates a dangerous situation for the officer is an unwarranted departure from the general duty imposed to exercise due care for the safety of others. *See Christensen v. Murphy*, 296 Or. 610, 678 P.2d 1210 (1984). Thus, we hold that a duty existed in this case for the drivers to exercise due care towards Banyai consistent with the law of negligence as applied in this state.

## II.

■ Banyai next contends that the trial court erred in dismissing her claim against Arruda and Labee as the employer of Guite. Arruda responds that the trial court's ruling was correct because there was insufficient evidence of negligence to submit that issue to a fact finder and because the drivers who collided with Banyai must be considered as an intervening cause of her injuries as a matter of law. Labee joins in these contentions. We agree with Banyai.

In *Rhea v. Green, supra*, the defendant violated certain traffic laws and, in an effort to avoid detection, engaged police officers in a high-speed chase. One of the officers was injured in a collision which occurred during the chase. This court held that the defendant was liable in damages for negligence because the danger to the officers and others was clearly foreseeable and the negligence of the defendant constituted a proximate cause of the accident.

■ By the same reasoning, if, as is alleged here, a driver causes an accident, then it is foreseeable that public safety officers will respond to the scene both to aid any persons who are injured and to investigate any violation of the traffic laws. *See* § 42–4–1403, C.R.S. (1984 Repl. Vol. 17A). Further, contrary to Arruda's and Labee's contention, the record before us does not demonstrate as a matter of law that the vehicles which collided with Banyai constituted an intervening cause that would preclude any claim against Arruda and Labee. *See Smith v. State Compensation Insurance Fund*, 749 P.2d 462 (Colo.App.1987). Because of the storm conditions and the limited visibility, reasonable minds may draw more than one inference as to whether the original collision was the product of negligence and a cause of the final collision with Banyai.

We also reject Arruda's contention that there was no basis in the record before the trial court to submit the issue of negligence on his part to a fact finder.

All doubts as to whether a material issue of fact exists on this issue must be resolved in favor of Banyai. *Ginter v. Palmer & Co.*, 196 Colo. 203, 585 P.2d 583 (1978). Hence, even if we assume that Arruda was in his lane of traffic at the

**444**

time the original collision occurred, it further appears that, before the collision with Guite, Arruda knew the road conditions had deteriorated because of the storm. Further, instead of stopping until conditions improved, Arruda proceeded to drive with extremely limited visibility. *See Mac-Master v. Coontz*, 623 P.2d 71 (Colo.App. 1981) (a driver may be negligent as a matter of law for driving if vision obscured). Hence, his negligence or lack thereof was a matter for disposition by the trier of fact and entry of summary judgment on this basis was error.

### III.

■ Banyai next contends that the trial court erred in dismissing her claim against Putt and Patterson. We disagree.

In addition to other requirements, a claimant pursuing a negligence claim must establish that, but for the alleged negligence of the defendant, the harm would not have occurred. *Smith v. State Compensation Insurance Fund, supra.* Here, it is undisputed that Putt and Patterson had no involvement in the initial collision between Arruda and Guite. Further, when Banyai was injured, Putt and Patterson had already left the scene at the direction of the second officer. Hence, we agree with the trial court that, as a matter of law, Banyai could not present a genuine issue of fact under the "but for" test.

Contrary to Banyai's contention, we conclude that it is impermissible speculation to assume that Banyai would not have been injured if the second officer had remained parked behind her vehicle. *See Hamilton v. Smith*, 163 Colo. 88, 428 P.2d 706 (1967).

### IV.

■ Labee contends that the trial court erred in denying his motion for summary judgment. However, we adhere to the rule that the denial of a motion for summary judgment may not be appealed. *Manuel v. Fort Collins Newspapers, Inc.*, 631 P.2d 1114 (Colo.1981).

The judgment dismissing Banyai's claims against Putt and Patterson is affirmed.

The judgment dismissing Banyai's claims against Arruda and Labee is reversed, and the cause is remanded for further proceedings consistent with this opinion.

PIERCE and REED, JJ., concur.