The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader. The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
February 25, 2021

## 2021COA24

**No. 19CA2021, *Deines v. Atlas Energy* — Torts — Personal Injury — Negligence — Proximate Cause**

In this negligence action, a division of the court of appeals considers when proximate cause can be determined as a matter of law in the context of a secondary highway accident.

The plaintiff in this case sued defendants for allegedly causing an oil spill on a highway, necessitating a road closure. Fifteen minutes after the closure, while cars were being diverted to a nearby exit, plaintiff's car was struck from behind by a third party. Applying a four-part test used by some other state and federal courts, the district court granted summary judgment to defendants, concluding, as a matter of law, that defendants' conduct was not the proximate cause of plaintiff's injuries, because the car accident

was an unforeseeable intervening cause. The court relied primarily on the fact that other drivers had managed to avoid accidents.

The division clarifies that proximate cause and foreseeability, including in the context of a subsequent accident, must be analyzed based on the totality of the circumstances of each case, and not by application of any mechanistic test. Further, proximate cause is not determined from hindsight but rather from the defendant's perspective at the time of the alleged negligent conduct. Because a rational jury could have concluded that the accident resulting in plaintiff's injuries was foreseeable, the division reverses the grant of summary judgment and remands for further proceedings.

Court of Appeals No. 19CA2021
Weld County District Court No. 18CV59
Honorable Todd Taylor, Judge

Grantland Deines,

Plaintiff-Appellant,

v.

Atlas Energy Services, LLC; Anadarko Petroleum Corporation; Consolidated Divisions, Inc., d/b/a CDI Environmental Contractor; and Mario Fernandez-Tapia,

Defendants-Appellees.

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division VII
Opinion by JUDGE HARRIS
Fox and Grove, JJ., concur

Announced February 25, 2021

Ramos Law, Brian Hugen, Wheat Ridge, Colorado, for Plaintiff-Appellant

Darling Milligan PC, Jason B. Wesoky, D.J. Marcus, Denver, Colorado, for Defendant-Appellee Atlas Energy Services, LLC

Holland & Hart LLP, Stephen G. Masciocchi, Jessica M. Schmidt, Denver, Colorado, for Defendant-Appellee Anadarko Petroleum Corporation

Montgomery Amatuzio Chase Bell Jones LLP, Max K. Jones, Jr., Denver, Colorado; The Morrow Law Firm, LLC, William Tobias Morrow, Eastlake, Colorado, for Defendants-Appellees Consolidated Divisions, Inc. and Mario Fernandez-Tapia

¶ 1　In this personal injury action, we review the district court's grant of summary judgment in favor of defendants, Atlas Energy Services, LLC; Anadarko Petroleum Corporation; Consolidated Divisions, Inc. (CDI), and Mario Fernandez-Tapia.  The district court determined that defendants' alleged negligence in causing 1,000 gallons of hazardous liquid to spill onto a highway was not, as a matter of law, the proximate cause of the injuries sustained by plaintiff, Grantland Deines, who was rear-ended approximately forty minutes later, as he came to a stop in a line of traffic being diverted off the highway to a nearby exit.

¶ 2　On appeal, Deines says that the district court erred in resolving the case on summary judgment, because the issue of proximate cause should have gone to the jury.  We agree.  Accordingly, we reverse the judgment and remand for further proceedings.

## I. Background[1]

¶ 3    On a December night in 2017, Mario Fernandez-Tapia, driving a truck owned by Atlas or CDI, was traveling eastbound on Interstate 76 near the town of Hudson. At about 6:20 p.m., town officials received a report of a hazardous material spill on the highway. By 6:40 p.m., officials had closed both lanes of I-76 and were diverting traffic to an exit located about three-tenths of a mile from the spill.

¶ 4    Cars began to back up on the highway. Fifteen minutes after the highway closure, Deines approached the scene. He noticed an oncoming car flash its lights and an emergency vehicle drive by, so he turned off his cruise control and started to slow down. Moments later, as he "crested" a "slight incline," he saw a line of twenty to thirty stopped cars in front of him and "applied his brakes." Ten seconds later, Omar Campa-Borrego crashed into the back of Deines's pickup truck, causing Deines to suffer catastrophic injuries.

---

[1] In reviewing the order granting summary judgment, we recount the facts in the light most favorable to Deines, as the nonmoving party. *See P.W. v. Children's Hosp. Colo.*, 2016 CO 6, ¶ 4 n.1.

¶ 5     Deines sued defendants, alleging that their negligence, which resulted in the oil spill, was a cause of his injuries. Defendants moved for summary judgment on the ground that Campa-Borrego's negligence was an unforeseeable intervening cause that broke the chain of causation arising from the original negligent conduct.

¶ 6     The district court agreed, concluding that

> [t]he undisputed facts here support only one conclusion: the oil spill was not the proximate cause of Deines's injuries. As a matter of law, it was not reasonably foreseeable that Campa-Borrego would fail to pay attention and fail to notice that Deines had stopped in front of him more than a half-hour after the oil spill and nearly a third of a mile away. Campa-Borrego's negligence is too attenuated from the oil spill for the oil spill to be considered a proximate cause of the accident that injured Deines.

¶ 7     Deines appeals, contending that whether Campa-Borrego's negligence constituted an independent intervening cause is a fact question for the jury.

## II.   Summary Judgment Order

### A. Standard of Review

¶ 8     We review an order granting summary judgment de novo. *Dep't of Revenue v. Agilent Techs., Inc.*, 2019 CO 41, ¶ 15.

3

Summary judgment is only proper when the pleadings, affidavits, depositions, and admissions show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Civ. Serv. Comm'n v. Pinder*, 812 P.2d 645, 649 (Colo. 1991).

¶ 9 In considering whether summary judgment is appropriate, a court grants the nonmoving party the benefit of all favorable inferences that may reasonably be drawn from the undisputed facts and resolves all doubts against the moving party. *Agilent Techs.*, ¶ 15.

¶ 10 Summary judgment is a drastic remedy, and it should only be granted when it is clear that the applicable legal standards have been met. *Westin Operator, LLC v. Groh*, 2015 CO 25, ¶ 21. Issues of negligence and proximate cause are matters generally to be resolved by the jury, and only in the "clearest of cases where the facts are undisputed and reasonable minds can draw but one inference from them" should such issues be determined as a matter of law. *Starks v. Smith*, 475 P.2d 707, 707 (Colo. App. 1970) (not published pursuant to C.A.R. 35(f)).

## B. Analysis

¶ 11    A finding of negligence does not impose liability on a defendant unless the negligence proximately caused the plaintiff's injury. *See Vititoe v. Rocky Mountain Pavement Maint., Inc.*, 2015 COA 82, ¶ 37. While some confusion persists in the terminology used to explain principles of causation, *see Rocky Mountain Planned Parenthood, Inc. v. Wagner*, 2020 CO 51, ¶ 27, for purposes of our decision, we need not look beyond some well-established rules.

¶ 12    To prove causation, the plaintiff must show, first, that, but for the alleged negligence, the harm would not have occurred. *Reigel v. SavaSeniorCare L.L.C.*, 292 P.3d 977, 985 (Colo. App. 2011). The requirement of but-for causation is satisfied "if the negligent conduct in a 'natural and continued sequence, unbroken by any efficient, intervening cause, produce[s] the result complained of, and without which that result would not have occurred.'" *Smith v. State Comp. Ins. Fund*, 749 P.2d 462, 464 (Colo. App. 1987) (citation omitted); *see also Groh v. Westin Operator, LLC*, 2013 COA 39, ¶ 50 (Causation may be found where the negligent actor "sets in motion a course of events" that leads to the plaintiff's injury.), *aff'd*, 2015 CO 25.

5

¶ 13    Still, tort law does not impose liability on an actor for all harm factually caused by the actor's tortious conduct. *Raleigh v. Performance Plumbing & Heating*, 130 P.3d 1011, 1022 (Colo. 2006). Thus, in addition to establishing but-for causation, the plaintiff must also demonstrate proximate cause. Because "foreseeability is the touchstone of proximate cause," *Westin Operator*, 2015 CO 25, ¶ 33 n.5, to establish a negligence claim, the plaintiff must prove that the harm incurred was a "reasonably foreseeable" consequence of the defendant's negligence, *Vanderbeek v. Vernon Corp.*, 50 P.3d 866, 872 (Colo. 2002). Proximate cause may be established even where the actor did not and could not foresee the precise way the injury would come about. *Webb v. Dessert Seed Co.*, 718 P.2d 1057, 1062-63 (Colo. 1986).

¶ 14    An intervening cause that breaks the chain of causation from the original negligent act becomes the proximate cause of the plaintiff's injury, relieving the wrongdoer of liability. *Albo v. Shamrock Oil & Gas Corp.*, 160 Colo. 144, 146, 415 P.2d 536, 537 (1966). But an intervening act of a third party — even an intentionally tortious or criminal act — does not immunize the defendant from liability if the intervening act is itself reasonably

6

foreseeable. *Ekberg v. Greene*, 196 Colo. 494, 496, 588 P.2d 375, 376 (1978); *see also Albo*, 160 Colo. at 146-47, 415 P.2d at 537 ("[T]he mere fact that other forces have intervened between the defendant's negligence and the plaintiff's injury does not absolve the defendant where the injury was the natural and probable consequence of the original wrong and might reasonably have been foreseen.") (citation omitted). To absolve the defendant of responsibility, the intervening cause must be fully independent of, and not have been set in motion by, the original negligence. *See Cooke v. Nationwide Mut. Fire Ins. Co.*, 14 So. 3d 1192, 1195 (Fla. Dist. Ct. App. 2009).

¶ 15    The question in this appeal is narrow: Could any rational juror find that the intervening cause — the traffic accident that injured Deines — was reasonably foreseeable based on defendants' negligent act of causing an oil spill on the highway?

¶ 16    In assessing whether an intervening cause is unforeseeable, such that it breaks the connection between the original negligence and the plaintiff's injuries, Colorado courts look at the specific facts and circumstances of the case. *See Hayes v. Williams*, 17 Colo. 465, 473, 30 P. 352, 355 (1892) (noting that proximate cause is

7

determined by the "associated facts and circumstances" of the case).  We reject defendants' suggestion, which the district court appears to have accepted, that our own case law provides insufficient guidance for resolving the parties' dispute.  The factors defendants point to — temporal and spatial proximity of the injury to the original negligent conduct, the unlikelihood of the occurrence of the intervening act, and the intervening act's attenuation from the situation created by the wrongdoer — are, as we explain in a moment, already part of our courts' analyses, explicitly or implicitly.

¶ 17     To be sure, our case law makes clear that sometimes, albeit infrequently, proximate cause is a matter of law for the court, because the intervening act is so independent and so extraordinary that the plaintiff's injuries are clearly the result of the intervening act and not fairly attributable to the defendant's original negligence.

¶ 18     In *Smith*, for example, the agent for the state's unemployment insurance fund negligently rejected the decedent's vocational rehabilitation plan, causing him to lose a job opportunity.  749 P.2d at 463.  Nearly a month later, the decedent crashed his motorcycle while he was driving under the influence of alcohol.  The decedent's wife sued the agent and the insurance fund, asserting that, but for

the agent's negligence, on the night of the accident, the decedent "would have been home in bed instead of out on the roadway because he would have been going to work the next day." *Id.* A division of this court affirmed the district court's grant of summary judgment for the defendants, concluding that "decedent's death was occasioned by an independent, intervening cause — the motorcycle accident — which could not have reasonably been foreseen to occur as a result of the wrongful delay in approving his vocational rehabilitation plan." *Id.* at 464. Explicit or implicit in the court's conclusion was a consideration of the fact that the decedent's injuries occurred long after the negligent conduct, the accident was entirely disconnected from the circumstances created by the agent's negligence, and the harm was independently attributable to unforeseeable circumstances like the decedent's intoxication and physical condition that prevented him from safely operating the motorcycle. *Id.*

¶ 19 Similarly, in *Walcott v. Total Petroleum, Inc.*, 964 P.2d 609, 611 (Colo. App. 1998), the division concluded that summary judgment was proper where the plaintiff sued a gas station after a man with whom she had argued dispensed a small amount of gas into a paper

cup at the station, then returned to the scene of the earlier argument, threw the gasoline on the plaintiff, and set her on fire. The division determined that the assailant's conduct was an independent intervening act because "the risk that a purchaser would intentionally throw gasoline on a victim and set the victim on fire was not reasonably foreseeable." *Id.* at 612.

¶ 20 But generally, it is the jurors' job to consider all the facts and circumstances, and to use their common sense to make the call regarding the foreseeability of an intervening act. We may take that job away from the jury only when we are firmly convinced that every rational juror would have to find that the intervening act was fully independent and unforeseeable — essentially, that the plaintiff's injury was "merely an improbable freak," as it relates to the original negligence. *Cooke,* 14 So. 3d at 1194.

¶ 21 In assessing whether proximate cause is a matter of fact or law in a particular case, our appellate courts have never imposed bright-line rules. So, for example, while temporal or spatial proximity is a consideration, a division of this court held in *Groh,* ¶¶ 8, 53, that proximate cause was a jury question even though the car accident involving plaintiff occurred an hour after, and fifteen

miles away from the site of, the defendant's act of negligently evicting the plaintiff from a hotel, and even though the driver was distracted and intoxicated at the time of the accident, *see id.* at ¶ 51; *id.* at ¶ 111 (Furman, J., concurring in part and dissenting in part).

¶ 22     And while the nature of the intervening act — ordinary versus extraordinary — is a consideration, our supreme court recognized in *Ekberg* that foreseeability was properly determined by the jury even where the intervening act constituted intentional criminal conduct. 196 Colo. at 496-97, 588 P.2d at 376. The plaintiffs in that case were injured in a fire while they were using the public restroom at a gas station. At some point before the plaintiffs entered, vandals had cut some tubing on a heater negligently installed by the gas station's owner, causing natural gas to escape into the restroom. Because the only light in the room was broken, the plaintiffs lit a match, which ignited the gas and created a flash fire. *Id.* at 496, 588 P.2d at 376. The court of appeals reversed the jury verdict in favor of the plaintiffs, concluding that, as a matter of law, the owner's negligence was not the proximate cause of the plaintiffs' injuries. But the supreme court disagreed, reasoning that

given prior acts of vandalism and the public's use of the restroom, there was "sufficient evidence upon which the jury could have concluded that the vandalism of the restroom" was reasonably foreseeable. *Id.*

¶ 23    While attenuation of the injuries from the original negligence is another consideration, a division of this court concluded in *Estate of Newton v. McNew*, 698 P.2d 835, 837 (Colo. App. 1984), that foreseeability was a fact question, even though the defendant's negligence and the plaintiff's injuries were separated by numerous and seemingly random acts. The defendant in *Newton*, the supervisor at a construction site, left trash smoldering at a relatively safe area of the site. *Id.* at 836-37. After the workmen left, two boys who lived nearby went to the construction site, and one boy picked up a piece of paper. The paper burned his fingers, causing him to throw the paper into the air. The wind blew the paper onto the adjacent property, where some weeds and a shed caught fire. *Id.* at 837. When the fire department arrived, the plaintiff, a neighbor of the property owner, offered to assist the fire fighters. After thirty minutes of hosing down the property owner's house, the plaintiff suffered a heart attack and died. *Id.* The

defendant argued that the boys' conduct in spreading the fire was an intervening cause, but the division concluded that the jury could have found all of the intervening acts foreseeable and within the scope of the original risk. *Id.*

¶ 24 Thus, our proximate cause analysis is governed not by "mechanistic rules of law" but by an evaluation of "what is reasonable in each factual setting." *Ekberg,* 196 Colo. at 497, 588 P.2d at 377.

¶ 25 Our evaluation in this case is substantially informed by our court's prior decision involving a similar factual setting. In *Banyai v. Arruda,* 799 P.2d 441 (Colo. App. 1990), two motorists were involved in an accident during a blizzard. The plaintiff, a police officer, responded to the scene. *Id.* at 442. After some time on the side of the road interacting with the motorists, the plaintiff returned to her vehicle and was rear-ended by two other drivers. She sued the motorists involved in the initial accident, alleging that their negligence was a cause of her injuries. *Id.*

¶ 26 The district court granted summary judgment for the defendants, concluding that the second, colliding driver's negligence was, as a matter of law, an unforeseeable intervening act and

13

therefore the proximate cause of the plaintiff's injuries. *Id.* A division of this court reversed on the basis that the foreseeability of the second driver's negligent act was a fact question for the jury. *Id.* at 443.

¶ 27 Defendants in this case minimize *Banyai*'s holding, contending that it turned on the plaintiff's status as a police officer and the defendants' knowledge of the deteriorating road conditions. We disagree. The division's point was that a reasonable jury, considering all the circumstances, including the weather conditions, could have found that the defendants' negligence was a cause of the plaintiff's injuries because each of the intervening acts — the plaintiff's decision to stop and a subsequent accident — were reasonably foreseeable.

¶ 28 Viewing the relevant case law on a spectrum, with *Smith* and *Walcott* on one end — where the issue of foreseeability is so clear cut as to be nondebatable — and *Banyai, Groh, Ekberg*, and *Newton* closer to the other end — where reasonable people could differ on the issue of foreseeability — we conclude that this case falls much closer to *Banyai* than to *Smith*.

¶ 29    In reaching a different conclusion, the district court explained that "proximate cause can be determined as a matter of law when the undisputed facts show a plaintiff was injured in a traffic jam (1) at a different location and (2) later time (3) by a force other than what caused the traffic jam in the first place." The court found that the time and distance between the spill and the accident rendered Deines's injuries so attenuated from defendants' negligent conduct that proximate cause could not be established as a matter of law. Moreover, and more importantly, Campa-Borrego's negligence was so out of the ordinary that it was unforeseeable as a matter of law and became the proximate cause of Deines's injuries.

¶ 30    The accident occurred forty minutes after the oil spill and fifteen minutes after the highway was closed and officials began diverting traffic to the exit. The location of the spill was about three-tenths of a mile away from the scene of the collision. In our view, neither the timing nor the distance is dispositive as a matter of law. *See Groh*, ¶¶ 8, 53 (proximate cause a fact issue where plaintiff's injuries sustained an hour after and fifteen miles away from the location of defendant's negligent conduct); *see also Newton*, 698 P.2d at 837 (proximate cause a fact issue where

15

plaintiff's death occurred more than thirty minutes after defendant's negligent conduct).

¶ 31    Some of the cases on which the district court relied involved more substantial lapses of time.  *See Baumann v. Zhukov*, 802 F.3d 950, 952-53 (8th Cir. 2015) (fifty-five minutes between the defendant's negligent act and the plaintiff's injuries); *Blood v. VH-1 Music First*, 668 F.3d 543, 545 (7th Cir. 2012) (four hours between the defendant's negligent act and the plaintiff's injuries); *Howard v. Bennett*, 2017 S.D. 17, ¶¶ 2, 4 (hour and forty minutes between the defendant's negligent act and the plaintiff's injuries).

¶ 32    And courts in other jurisdictions have come out the other way, concluding that even when the defendant's negligent conduct is separated by substantial time and distance from the accident that caused the plaintiff's injuries, proximate cause is a fact question for the jury.  *See Cooke*, 14 So. 3d at 1193 (foreseeability was fact question where accident occurred an hour after and a mile and a half away from the defendant's negligent act); *Smith v. Com. Transp., Inc.*, 470 S.E.2d 446, 449 (Ga. Ct. App. 1996) (foreseeability was fact question where accident occurred five or six hours after and two miles away from the defendant's negligent act);

16

*Lasley v. Combined Transp., Inc.*, 227 P.3d 1200, 1204 (Or. Ct. App. 2010) (foreseeability was fact question where accident occurred ninety minutes after and four miles away from the defendant's negligent act of spilling glass on highway).

¶ 33    The competing case law simply confirms for us that, in most instances, reasonable people could differ on the question of whether an intervening act is foreseeable.  Hence, our strong preference for allowing the jury to decide the question.

¶ 34    The district court's primary focus, though, was on Campa-Borrego's poor driving.  Because "numerous other vehicles had managed to stop without problem," and no other accidents had occurred as a result of the spill, the district court concluded that Campa-Borrego's failure to stop was extraordinary and therefore unforeseeable as a matter of law.  In our view, the evidence, viewed in the light most favorable to Deines, does not support the court's conclusion.

¶ 35    First, the only driver known to have "managed to stop without problem" was Shale McAfee, the driver of the car directly in front of Deines when the collision occurred.  According to the district court, McAfee testified that "he was traveling on the highway at 75 mph,

17

saw a string of taillights ahead, and was able to 'coast down' to a stop over 15 seconds without [braking] hard." True, but McAfee also said, more specifically, that as he headed down the highway toward the exit, he drove around "a blind curve" and only then saw the string of taillights, which he described as an unexpected and "sudden stop of traffic." He did not see any emergency vehicles or personnel until after he had stopped in the line of cars.

¶ 36 Deines did not specifically say that he managed to stop without problem. He recounted that as he drove down the highway, he noticed an oncoming car flash its lights and an emergency vehicle drive by, so he deactivated the cruise control and began to slow down. As he "crested" an "incline," he saw a line of stopped cars in front of him. He "applied [his] brakes," and ten seconds later, possibly before he even stopped behind McAfee's car, Campa-Borrego plowed into him from behind.

¶ 37 There is nothing in the record to indicate, one way or the other, whether the other twenty or thirty drivers managed to stop without any problem.

¶ 38 Second, the accident involving Deines and Campa-Borrego was not, in fact, the only accident that night. Defendants concede that

18

one other accident occurred around the same time, while, according to Deines, the evidence suggests that as many as five accidents may have occurred.

¶ 39     The town's deputy marshal testified that due to the road closure, the area near the oil spill was "very dangerous." He described "a lot of traffic," with cars spread across the lanes.

¶ 40     True, Campa-Borrego was cited for careless driving, and both the Colorado State Patrol accident report and Deines's complaint allege that Campa-Borrego was inattentive or distracted. But that is hardly the kind of extraordinary conduct necessary to constitute an unforeseeable intervening cause.

> A driver who negligently creates a highway obstruction "must reasonably foresee the probability of some injury from his negligent acts, not only from careful drivers of other vehicles but also from negligent ones, so long as the act of the other driver is not so 'extraordinary' as to be not reasonably foreseeable."

*Baumann*, 802 F.3d at 956 (citations omitted); *see also Smith*, 470 S.E.2d at 448 (To say that another driver's negligent conduct is an unforeseen intervening cause of the plaintiff's injuries is "illogical,"

19

as every negligent intervening act "will not be reasonable or normal," but not all intervening negligent acts "cut off liability.").

¶ 41 The question is not, as the district court suggested, whether, in light of the facts and circumstances after the spill, including the conduct of other drivers, Campa-Borrego should have been able to stop before he hit Deines. The question for proximate cause purposes is whether defendants should have reasonably foreseen that if they caused an oil spill on a highway at night, an accident relatively close in time and place to the spill might result. *See* Restatement (Second) of Torts § 435 cmt. d (Am. L. Inst. 1965) (For foreseeability purposes, "[w]hat the actor does or should expect depends upon the circumstances which he knows or should know and his forecast in the light of these circumstances as to what is likely to happen."); *Mellen v. Lane*, 659 S.E.2d 236, 246 (S.C. Ct. App. 2008) (Foreseeability, as a component of proximate cause, "is not determined from hindsight, but rather from the defendant's perspective at the time of the alleged [action].") (citation omitted).

We conclude that the district court erred in answering that question as a matter of law.[2]

¶ 42     Finally, we turn to Anadarko's separate argument that summary judgment was properly granted in its favor, even if the court erred by entering judgment in favor of Atlas and CDI.

¶ 43     The oil that spilled on the highway was loaded into the truck at a wellsite operated by Anadarko.  In his complaint, Deines alleged that Anadarko's failure to implement various measures to ensure the safe loading and sealing of the truck resulted in the oil spill.

¶ 44     On appeal, Anadarko says it is entitled to summary judgment on the ground that Deines failed to present evidence that Anadarko's implementation of the measures would have prevented

---

[2] In a short footnote at the end of their answer brief, Atlas and CDI argue that we may affirm on the alternative ground that Deines "produced zero evidence" that either Atlas or CDI "actually owned the truck that spilled the hydrocarbons." We deem this argument insufficiently developed, and we therefore decline to address it. *See People v. Simpson*, 93 P.3d 551, 555 (Colo. App. 2003); *see also Nat'l Foreign Trade Council v. Natsios*, 181 F.3d 38, 60 n.17 (1st Cir. 1999) (arguments raised only in a footnote or in a perfunctory manner are waived), *aff'd sub nom. Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363 (2000).

the spill. Anadarko, though, accepted Deines's allegations as true for purposes of summary judgment, then argued that, as a matter of law, Campa-Borrego's negligent driving was an unforeseeable intervening cause absolving it of liability. Thus, Deines had no obligation, at the summary judgment stage, to produce evidence in support of his allegations.

¶ 45 We likewise reject Anadarko's conclusory assertion that its alleged negligence occurred at the wellsite and was therefore "too far removed and insubstantial" to be the proximate cause of Deines's injuries. Anadarko does not explain further, yet the assertion is not self-explanatory.

¶ 46 According to Deines, due to Anadarko's negligence, the oil was not properly loaded into and secured inside the truck and so, almost immediately after leaving the wellsite, oil began to leak on to the road, culminating (we think, though Anadarko does not say, just a short time later and a short distance away) in the release of 1,000 gallons of oil onto I-76.

¶ 47 Thus, we discern no basis for treating defendants differently for purposes of determining whether the rear-end collision constitutes an unforeseeable intervening cause as a matter of law.

22

### III. Conclusion

¶ 48    The judgment is reversed, and the case is remanded to the district court with directions to reinstate the claims.

JUDGE FOX and JUDGE GROVE concur.