SHANNON, Judge.
The appellants were the plaintiffs below, and the appellee was the defendant. From the judgment dismissing their amended complaint with prejudice, the plaintiffs bring this appeal.
In their amended complaint the plaintiffs charged that the appellant, Salvatore Romano, was on duty as a police officer of the City of St. Petersburg, Florida, and that at about 1:00 A.M. the defendant was observed to be operating an automobile in a reckless manner and at a very high rate of speed. The appellant and his fellow officer gave chase and attempted to bring the (defendant to a stop by flashing a red light and sounding a siren with which the police vehicle was equipped. In the course of the chase, when both the police cruiser and the defendant’s car were going at an extremely high rate of speed, the police cruiser struck a curb and was wrecked, which wreck resulted in serious injuries to the plaintiff, Romano.
*871 The question which we have in this appeal is whether or not the driver of a pursued automobile who violates numerous traffic laws in an attempt to avoid arrest can be held liable for injuries suffered by the pursuing police officer and property damage incurred by the city when the police vehicle is wrecked in a high-speed chase. The grounds upon which this case was dismissed in the lower court were: a) the defendant’s acts as alleged in the amended complaint were not the proximate cause of this plaintiff’s injuries; and b) the striking of the curb by the automobile in which the plaintiff was riding was an intervening efficient cause.
This appears to be a case of first impression in the State of Florida, as neither the appellants nor the appellee have cited any Florida cases on point, and our independent research has met with the same result. The appellants seek to have this case reversed under the reasoning employed in the Louisiana case of Brechtel v. Lopez, La.App.1962, 140 So.2d 189. The facts in the Brechtel case are almost identical to the facts in the instant case, and in holding against the defendant, who was being pursued, the Louisiana court had this to say as to the defendant’s negligence :
“It is clear that the conduct of young Lopez, in engaging in a race on the city streets, in continuing to operate his car at grossly excessive speeds, in failing to stop when he heard the police siren, and in making a right turn without signaling his intention to do so, was unlawful throughout and in violation of the traffic code of the city of New Orleans, and hence such conduct constituted negligence per se.”
And in regard to the question of foreseeability- and proximate cause, the court further said:
“The most that can be said from the appellant’s standpoint is that the grabbing of the brakes was an intervening efficient cause which broke the chain of causation from the original negligent acts of young Lopez. However, the mere fact that other forces have intervened does not absolve the de- ' fendants where the injury might reasonably have been foreseen. See 65 C.J.S. verbo Negligence § 111, commencing at p. 685.
******.
“In the instant case, young Lopez could or should have foreseen that the speed at which he induced the police to drive might produce almost any kind of an accident, and as a matter of fact he did anticipate an accident because his very first thought on hearing the ‘tire squealing and a loud noise’ was that perhaps the police had ‘jumped the curb and gone into the neutral ground or something.’ ”
The defendant has argued various principles and tests applied by the courts in determining “proximate cause” in Florida, and has submitted the case of Pope v. Pinkerton-Hays Lumber Co., Fla.App. 1960, 120 So.2d 227, and Pinkerton-Hays Lumber Co. v. Pope, Fla.1961, 127 So.2d 441. The original Pope decision by Judge Wig-ginton has already become entrenched in Florida jurisprudence as a leading authority on the subject of proximate causation, and was affirmed by our Supreme Court on petition for certiorari. In his opinion Judge Wigginton sets forth the various tests used in determining the relationship between defendant’s negligence and plaintiff’s injury, such as “foreseeability”, “natural and probable consequences”, “substantial factor”, etc. The principles as stated in the opinion in that case are undoubtedly correct, but when the facts are as in the present case, can it be said that sending this case to a jury would violate the tests as have been established by the Pope case. In other words, when the premises are asked in the present case the answer will fit in, and neither the foreseeability tests nor the proximate cause tests will vitiate the result of liability.
*872 In our search for other decisions which might throw some light on this question, we have considered the cases of McKay v. Hargis, 1958, 351 Mich. 409, 88 N.W.2d 456; Martin v. Rossignol, 1961, 226 Md. 363, 174 A.2d 149; Hammon v. Pedigo, 1962, 173 Neb. 787, 115 N.W.2d 222; and Goddard v. Williams, 1959, 251 N.C. 128, 110 S.E.2d 820. The first two cases mentioned are very similar in point of fact to the instant case. The last two cases approve the rationale therein. In the McKay case, a police officer, while pursuing an alleged traffic violator at a high rate of speed, struck a tree and was injured. His judgment for personal injuries was sustained, though the defendant in that case took the position in the Supreme Court of Michigan that the police officer was guilty of contributory negligence as a matter of law, and that judgment should be entered for the defendant. In deciding against that contention, the court stated that the plaintiff’s duties to the public, as a police officer, must be weighed alongside his obligations of due care. The situation in which he was involved was brought about by his duties, and this would alleviate any negligence.
In the Martin case, supra, the plaintiff police officer was pursuing a motorist whom he believed to have run down another officer. During the 100 mile per hour chase through a residential section, with lights flashing and sirens sounding, the motorist made an abortive attempt to execute a turn, causing the police officer to collide with the motorists’ car. The court held that the plaintiff was not guilty of contributory negligence as a matter of law, stating that the cause of the collision was the offender’s attempt to make an impossible turn. Due to the emergent situation, the police officer acted as carefully as his duties would allow, and this question should be for the trier of fact.
The McKay v. Hargis case, supra, was discussed at length by the Supreme Court of North Carolina in Goddard v. Williams, supra, and in Hammon v. Pedigo, supra, the Supreme Court of Nebraska cited with approval the Goddard case and the McKay case.
Relying upon these authorities, then, as well as upon principles of justice, it is our studied opinion that the amended complaint stated a cause of action, and that the issues involved should be submitted to the arbiters of fact. We therefore hold that the lower court was in error in dismissing said complaint.
Reversed.
TROWBRIDGE, C.'PFEIFFER, Associate Judge, concurs.
SMITH, C. J., dissents.