226 So.2d 465 (1969)
Concepcion RASPALL, Appellant,
v.
BENEFICIAL FIRE & CASUALTY INSURANCE COMPANY, Appellee.
No. 69-168.
District Court of Appeal of Florida. Third District.
September 9, 1969.
Rehearing Denied October 7, 1969.
*466 Gillotte & Fowler, Richard M. Gale, Miami, for appellant.
Tobin, Salmon & Feder, Coral Gables, for appellee.
Before PEARSON, C.J., and CHARLES CARROLL and BARKDULL, JJ.
PEARSON, Chief Judge.
The appellant, Concepcion Raspall, brought a complaint in the circuit court in which she alleged that she was injured as a result of an automobile collision; that at the time of the injury she was a passenger in an automobile insured by the appellee, Beneficial Fire & Casualty Insurance Company; that the collision resulted from the negligence of an uninsured motorist whose identity is unknown. She then sought recovery under the uninsured motorist provision of the policy issued by the appellee, Beneficial Fire & Casualty Insurance Company. The appellee moved to dismiss, pointing out that while the policy which was attached as an exhibit provided coverage for harm caused by a hit-and-run automobile, it did not provide coverage for harm caused by a hit-and-run automobile which did not make physical contact with the automobile which an insured occupied.[1] *467 The trial judge granted the motion to dismiss, and this appeal followed. We affirm.
Appellant presents a single point on appeal urging that it is unnecessary to allege that there was physical contact between a hit-and-run automobile and the automobile in which the insured was riding.
The appellant relies upon City of St. Petersburg v. Shannon, Fla.App. 1963, 156 So.2d 870, and Butts v. State Farm Automobile Mutual Ins. Co., Fla.App. 1968, 207 So.2d 73, for reversal. We do not think either of these cases is governing. The City of St. Petersburg case stands for the proposition that physical contact is not necessary in order for a court to find negligence. This proposition is an element of plaintiff's argument but is not in dispute. The result in the Butts case does not control the result in the present case for two reasons. First, we did not state it to be a fact that there was no physical contact between the vehicle the plaintiff was driving and the driver of the hit-and-run vehicle. Second, the decision in the Butts case turned upon a holding by this court that a driver exclusion indorsement which was appended to an insurance policy and which was more restrictive than the terms of § 627.0851, Fla. Stat., F.S.A.,[2] was void. In the present case the statute is more restrictive than the policy, i.e., we understand § 627.0851 to permit recovery for harm caused by the owner or operator of an uninsured motor vehicle only if the identity of that owner or operator is known, whereas the policy permits uninsured motorist recovery for harm caused by a hit-and-run automobile even though the identity of the owner or operator is unknown. Having enlarged the definition of "uninsured motorist" the company had a legal right to limit such enlargement to cases in which there was physical contact. In other words what the policy gives the policy may take away, but what the statute gives the policy may not take away.
It should be noted that the holding in this case does not affect a situation in which a known uninsured motorist causes damage whether he does so with or without physical contact, nor does the holding affect a situation in which coverage is extended by contract to cover an unknown motorist who has physical contact with a vehicle in which the insured is riding.
We think Inter-Insurance Exchange of Auto Club of So. Cal. v. Lopez, 238 Cal. App.2d 441, 47 Cal. Rptr. 834 (1966), which involved a California statute rather than an insurance contract, sets forth the basic public policy and reasoning for our holding.
Affirmed.
NOTES
[1] "1. Damages for Bodily Injury Caused by Uninsured Automobiles: The company will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called `bodily injury', sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; provided, for the purposes of this Coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration.

* * * * *
"(c) `uninsured automobile' means:
(1) an automobile with respect to the ownership, maintenance or use of which there is, in at least the amounts specified by the financial responsibility law of the state in which the insured automobile is principally garaged, no bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such automobile, or with respect to which there is a bodily injury liability bond or insurance policy applicable at the time of the accident but the company writing the same denies coverage thereunder; or
(2) a hit-and-run automobile as defined:
but the term `uninsured automobile' shall not include:
(i) an insured automobile.
(ii) an automobile which is owned or operated by a self-insurer within the meaning of any motor vehicle financial responsibility law, motor carrier law or any similar law,
(iii) an automobile which is owned by the United States of America, Canada, a state, a political subdivision of any such government or an agency of any of the foregoing,
(iv) a land motor vehicle or trailer if operated on rails or crawler-treads or while located for use as a residence or premises and not as a vehicle, or
(v) a farm type tractor or equipment designed for use principally off public roads, except while actually upon public roads.
(d) `hit-and-run automobile' means an automobile which causes bodily injury to an insured arising out of physical contact of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident, provided: (1) there cannot be ascertained the identity of either the operator or owner of such `hit-and-run automobile'; (2) the insured or someone on his behalf shall have reported the accident within 24 hours to a police, peace or judicial officer or to the Commissioner of Motor Vehicles, and shall have filed with the company within 30 days thereafter a statement under oath that the insured or his legal representative has a cause or causes of action arising out of such accident for damages against a person or persons whose identity is unascertainable, and setting forth the facts in support thereof; and (3) at the company's request, the insured or his legal representative makes available for inspection the automobile which the insured was occupying at the time of the accident."
[2] "No automobile liability insurance, covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto * * *, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom * * *."