229 So.2d 645 (1969)
PROGRESSIVE MUTUAL INSURANCE COMPANY, Appellant,
v.
Raiford BROWN, Appellee.
No. K-370.
District Court of Appeal of Florida. First District.
December 23, 1969.
Rehearing Denied January 14, 1970.
*646 Howell, Kirby, Montgomery & D'Aiuto, Jacksonville, for appellant.
Blalock, Holbrook, Lewis, Paul & Bennett, Jacksonville, for appellee.
CARROLL, DONALD K., Acting Chief Judge.
The defendant in an action on an automobile liability insurance policy, providing for uninsured motorist coverage, has appealed from an adverse final summary judgment entered by the Circuit Court for Duval County.
The basic question presented for our determination in this appeal is whether the said court correctly held that the uninsured motorist provision of the said policy, restricting such coverage to instances in which there was a physical contact between the uninsured motorist's "hit-and-run automobile" and the insured's automobile, is void as against public policy.
In his complaint the plaintiff alleges that the defendant issued to him the said policy and that, while that policy was in effect, he was operating his own automobile and was injured as a result of the negligent operation of another car by an uninsured motorist. While the complaint does not aver how the other motorist's negligence caused the plaintiff's injuries, it was, by discovery proceedings, shown that the other automobile either by contact or by no contact ran or caused the plaintiff to run off the highway and hit an abutment.
In answer to this complaint, the defendant admits that the said policy was in full force and effect at the time of this accident, including the provision for uninsured motorist coverage.
The policy provides that uninsured motorist coverage is available only to insured persons suffering injuries and/or damages resulting from an accident with an "uninsured automobile" as defined. The definition of "uninsured automobile" includes a "hit-and-run automobile"  if that automobile makes physical contact with the insured or with an automobile which the insured is occupying at the time of the accident. This policy definition of "hit-and-run automobile" reads as follows:
"(d) `hit-and-run automobile' means an automobile which causes bodily injury to an insured arising out of physical contact of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident, provided: (1) there cannot be ascertained the identity of either the operator or owner of such `hit-and-run automobile'; (2) the insured or someone on his *647 behalf shall have reported the accident within 24 hours to a police, peace or judicial officer or to the Commissioner of Motor Vehicles, and shall have filed with the company within 30 days thereafter a statement under oath that the insured or his legal representative has a cause or causes of action arising out of such accident for damages against a person or persons whose identity is unascertainable, and setting forth the facts in support thereof; and (3) at the company's request, the insured or his legal representative makes available for inspection the automobile which the insured was occupying at the time of the accident." (Emphasis supplied).
Section 627.0851, subdivision (1), Florida Statutes, F.S.A., provides that no automobile liability insurance shall be delivered or issued for delivery in this state unless uninsured motorist coverage is included therein, except where the named insured has rejected such coverage. That subdivision reads as follows:
"No automobile liability insurance, covering liability arising out of the ownership, maintenance, or use of any motor vehicle, shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than limits described in § 324.021(7), under provisions filed with and approved by the insurance commissioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; provided, however, that the coverage required under this section shall not be applicable where any insured named in the policy shall reject the coverage; provided further that, unless the named insured requests such coverage in writing, the coverage need not be provided in or supplemental to a renewal policy where the named insured had rejected the coverage in connection with a policy previously issued to him by the same insurer."
In Sellers v. United States Fidelity & Guaranty Co., 185 So.2d 689 (Fla. 1966), in discussing the uninsured motorist statute, the Supreme Court of Florida said:
"It appears to us that the statute expresses the statutory requirements both as to coverage to be provided by the insurer, and as to its sources of recovery of insurance protection it paid from other persons, including other insurers legally responsible for the bodily injury to insureds, to the exclusion of inconsistent language inserted in an automobile liability policy. There appears no latitude in the statute for an insurer limiting its liability through `other insurance'; `excess-escape' or `pro rata' clauses, as attempted in Condition 5. If the statute is to be meaningful and controlling in respect to the nature and extent of the coverage and to the sources of recovery and subrogation of the insurer, all inconsistent clauses in the policy to the controlling statutory language such as are contained in Condition 5 must be judicially rejected."
Similarly, this court in Travelers Indemnity Co. v. Powell, 206 So.2d 244 (Fla.App. 1968), said with reference to the uninsured motorist statute:
"`The cited statute * * * established the public policy of this state to be that every insured, within the definition of that term as defined in the policy, is entitled to recover under the policy for the damages he or she would have been able to recover against the offending motorist if that motorist had maintained a policy of liability insurance.' Numerous decisions construing various provisions of insurance contracts have held that this public policy is violated by any restrictive language inserted in an insurance policy having the effect of defeating the purpose and intent of the statute, and such *648 provisions must be considered nugatory and void."
In our conclusion in the Powell opinion we said:
"We conclude that under the facts of this case the exclusion clause is invalid since it is more restrictive than the statute and is a denial of statutory coverage without a rejection by the insured."
We recognize the soundness of the rule applied in the above Sellers and Powell cases  that an exclusionary clause in an uninsured motorist provision of a policy cannot legally make such provision more restrictive than the uninsured motorist statute (Sec. 627.0851, quoted above).
That rule, however, has no application in the case at bar, for here the policy provision in question is not more restrictive than the said statute.
That statute requires uninsured motorist coverage "for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles * * *." This language obviously contemplates that there is proof of the identity of the owner or operator of the uninsured motor vehicle, for otherwise it could not be ascertained that the said vehicle was uninsured. Normally, when the said vehicle is a hit-and-run automobile, such identity cannot be ascertained. Thus, when the defendant in the instant case issued the said policy providing for uninsured motorist coverage in hit-and-run cases, even though restricted to instances in which there was physical contact between the vehicles involved, the defendant really provided in its policy an uninsured motorist coverage greater than that required by the statute (Sec. 627.0851), rather than less coverage (as in the Sellers and Powell cases, supra).
A situation analogous to that in the case at bar confronted the District Court of Appeal, Third District of Florida, in the recent case of Raspall v. Beneficial Fire & Casualty Co., 226 So.2d 465 (Fla.App. 1969), in which that court held that an uninsured motorist provision in a policy limiting coverage in case of bodily injury caused by a hit-and-run automobile, where the identity of neither operator nor owner could be ascertained, to incidents in which the hit-and-run automobile came into physical contact with the insured, or with the automobile which the insured was occupying, would be given effect where the uninsured motorist coverage as so limited nonetheless remained broader than that required by Sec. 627.0851, Florida Statutes, F.S.A. Our sister court said the following as its reasoning in reaching its conclusion:
"In the present case the statute is more restrictive than the policy, i.e., we understand § 627.0851 to permit recovery for harm caused by the owner or operator of an uninsured motor vehicle only if the identity of that owner or operator is known, whereas the policy permits uninsured motorist recovery for harm caused by a hit-and-run automobile even though the identity of the owner or operator is unknown. Having enlarged the definition of `uninsured motorist' the company had a legal right to limit such enlargement to cases in which there was physical contact. In other words what the policy gives the policy may take away, but what the statute gives the policy may not take away."
The Third District Court of Appeal then affirmed the order of the lower court dismissing the plaintiff-insured's action.
The same general conclusion was reached by the Third District Court of Appeal in Cruger v. Allstate Insurance Co., 162 So.2d 690 (Fla.App. 1964) and by the U.S. Circuit Court of Appeals for the Fifth Circuit in State Farm Mutual Automobile Insurance Co. v. Spinola, 374 F.2d 873 (1967).
In the final summary judgment appealed from herein, the Circuit Court necessarily ruled that the plaintiff was, as a matter of law, entitled to recover under the uninsured motorist provision of the policy issued *649 by the defendant. For the reasons set forth above, we think that the said ruling was erroneous, so that judgment must be, and it is, reversed and the cause is remanded with directions for further proceedings consistent with the views hereinabove set forth.
Reversed and remanded with directions.
WIGGINTON and SPECTOR, JJ., concur.