476 P.2d 760 (1970)
Miles C. RHEA, Plaintiff in Error,
v.
Homer GREEN, Defendant in Error.
No. 70-377. (Supreme Court No. 23775.)
Colorado Court of Appeals, Div. I.
November 10, 1970.
Burnett, Watson, Horan & Hilgers, Myron H. Burnett, Denver, for plaintiff in error.
Kripke, Hoffman, Carrigan & Dufty, P. C., Daniel S. Hoffman, Denver, for defendant in error.
Selected for Official Publication.
DUFFORD, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and was subsequently transferred to the Court of Appeals under the authority vested in the Supreme Court.
The parties are here in reverse of their trial court positions. In the trial court the plaintiff, Homer Green, sought damages for injuries he suffered in a collision between two police cars at an intersection controlled by traffic signals. Both police cars were in pursuit of the defendant, Miles C. Rhea. It is uncontradicted that prior to the accident Rhea had violated numerous traffic ordinances and was fleeing from arrest. Green, a police officer, was a passenger in one of the police vehicles involved in the collision. At the close of the evidence, the trial court directed *761 a verdict in favor of the plaintiff on the liability issue, and following the jury award of damages, the defendant filed this appeal.
The defendant contends that plaintiff's failure to warn the driver of the other police car involved in the collision via radio of the position of the car occupied by the plaintiff raised an issue of contributory negligence which should have been submitted to the jury.
The evidence discloses that plaintiff did use the radio on several occasions, but not during a short interval prior to the collision. The trial court concluded that, because of the high speeds of the police vehicles, plaintiff's use of the radio at the particular time in question could not have averted the accident and did not present an issue of contributory negligence. Regardless of the causation issue involved, we know of no legal basis upon which the failure of a police officer, involved in a high-speed automobile chase, to constantly advise others involved in the chase of his car's minute-by-minute position could be deemed an imprudent act and, consequently, evidence of negligence. Defendant was also unable to direct us to any authority indicating that such omission might constitute evidence of negligence. We agree with the trial court that this aspect of the case presented no evidence of contributory negligence which required jury consideration.
Defendant next contends that one of the police cars entered the intersection against a red light and in a manner which violated a municipal traffic ordinance, which ordinance was specifically directed to drivers of emergency vehicles engaged in pursuing violators. He argues that the police at the time of the accident were engaged in a joint enterprise, so that any negligence on the part of the drivers of the police vehicles is imputable to the plaintiff. In Denver Tramway Co. v. Orbach, 64 Colo. 511, 172 P. 1063, our Supreme Court held that the negligence of the driver of a riot car, who was a City employee, could not be imputed to the plaintiff, who was a policeman and a passenger in the riot car. A similar result was reached in Swanson v. McQuown, 139 Colo. 442, 340 P.2d 1063. From these authorities, we conclude that the trial court was correct in ruling that any negligence on the part of the drivers of the police vehicles could not be imputed to plaintiff.
Defendant last contends that his negligence was not the proximate cause of the accident, in that the negligence of the drivers of the police cars was an intervening cause.
The evidence discloses that the defendant, in attempting to avoid apprehension, traveled at speeds up to 70 miles per hour. In Brechtel v. Lopez, 140 So.2d 189 (Ct. App.La.), that court, answering a similar contention, stated:
"In our opinion the proximate cause of the accident was speed, the grossly excessive speed of young Lopez which induced the speed of the police, who not only had the right but the duty to attempt to overtake and apprehend him."
See also City of St. Petersburg v. Shannon, 156 So.2d 870 (Dist.Ct.App.Fla.); and Roll v. Timberman, 94 N.J.Super. 530, 229 A.2d 281. In our opinion the danger to the plaintiff and others resulting from the defendant's conduct was clearly foreseeable, and the trial court was correct in ruling that the defendant's negligence constituted a proximate cause of the accident as a matter of law.
Judgment is affirmed.
SILVERSTEIN, C. J., and COYTE, J., concur.