PER CURIAM.
The appellants, Long Island Insurance Company and Allstate Insurance Company, brought a complaint for declaratory relief and for an order enjoining arbitration, seeking a declaration that their respective policies did not afford uninsured motorist coverage to the appellee, Harold G. Spaulding. This appeal is from a judgment finding that the automobile Spaulding was driving, at the time of an automobile collision, was struck from the rear by an unknown motorist and that Spaulding was afforded coverage under the policies issued by the respective appellants. On this appeal it is urged that the court’s finding is erroneous because appellant insurance companies were relieved of coverage by ap-pellee’s failure to comply with two conditions precedent to coverage contained in the uninsured motorist provisions of each of the policies. We affirm upon a holding that there is competent substantial evidence to support the trial judge’s finding that under the facts presented the claimed failure to comply with the policies was not established.
The conditions precedent urged were that the policies required- (1) a report of the accident within 24 hours to the appropriate governmental authority; and (2) the filing by the insured of a statement under oath with the insuror that the insured has a cause of action arising out of such accident for damages against a person whose identity is unascertainable. Appellant urges us to hold that as a matter of law the claimed conditions precedent are valid limitations upon the protection granted to insured motorist by F.S. § 627.0851, F.S.A. See Raspall v. Beneficial Fire & Cas. Ins. Co., Fla.App.1969, 226 So.2d 465, and Progressive Mut. Ins. Co. v. Brown, Fla.App.1969, 229 So.2d 645. We note that the Supreme Court of Florida has quashed the latter opinion, see Brown v. Progessive Mutual Ins. Co., Fla.1971, 249 So.2d 429, and thereby superseded the reasoning and holding of this court in Raspall. We do not, however, find it necessary to decide this point, because our review of the record convinces us that compliance with the policy provisions mentioned was proved in this case.
Without reciting the argument on these points, we point out that appellee was *851 seriously injured about the jaw and mouth. He was interviewed by a police officer at the scene of the accident and under the circumstance of his injury he cannot be held to have been required to do more under the policy provision which admonished him to report to a governmental authority. Upon the provision for the filing of a statement under oath with the insurer there was evidence before the court that each of the appellant insurance companies received fair notice of the accident and the loss. cf. Bollinger v. National Fire Ins. Co. of Hartford, Conn., 25 Cal.2d 399, 154 P.2d 399 (1945); Employers’ Fire Ins. Co. v. Garney, 1965, 348 Mass. 627, 205 N.E.2d 8.
Affirmed.