21785

George L. JONES, Jr., Respondent, v.
Kerry Edward WAY, Appellant.
(294 S. E. (2d) 432)

*Robert W. Brown*, of *Weinbery, Brown & McDougall*, Sumter, and *Marion S. Riggs*, of *Rogers, Riggs & Rickenbaker*, Manning, *for appellant.*

*Charles H. Williams*, of *Williams & Williams*, Orangeburg, and *C. C. Harness, III*, Summerton, *for respondent.*

August 26, 1982.

NESS, Justice:

This case arose from an automobile accident in which respondent, a South Carolina Highway Partolman, was injured while pursuing appellant for traffic violations. The jury awarded the officer $25,000 actual damages. Appellant asserts the trial court erred in not granting his motions for directed verdict and judgment *non obstante veredicto*. We disagree and affirm.

Appellant alleges the patrolman was contributorily negligent during the course of the high speed chase that resulted in his injuries and thus cannot recover from appellant. However, we hold the patrolman's excessive speed cannot be deemed to be negligence per se.

Section 56-5-760, S. C. Code, 1976, explicitly authorizes a police officer using his siren and flashing light to disregard certain traffic regulations and to exceed the maximum speed limits. This section absolves the driver of an authorized emergency vehicle from negligence, and imposes liability only when the conduct becomes reckless. Thus, the patrolman's conduct cannot be evaluated by the same standards which measure appellant's conduct.[1]

---

[1] We held in *Lineberger v. City of Greenville*, 178 S. C. 47, 182 S. E. 101 (1935), that "[A] police car would not be held to the same degree of care while in actual pursuit of a criminal as when merely cruising around—." Also see 60A C. J. S., Motor Vehicles, § 375, pp. 708-709.

We agree with the holding in *Wade v. Grooms*, 37 N. C. App. 428, 246 S. E. (2d) 17 (1978), where the Court of Appeals for North Carolina determined that whether the police officer's conduct satisfied the requisite standard of care is for the jury to decide.[2]

Here the appellant pled contributory negligence. The respondent asserted he was acting within the scope and course of his duties as a police officer and argued it was appellant's reckless conduct of driving in excess of 100 miles per hour and failing to stop for a blue light that was the proximate cause of his injuries. We hold these matters were properly submitted to the jury and affirm.

This is the only question argued in appellant's brief, thus all other exceptions are deemed to have been waived. The judgment of the lower court is affirmed.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.

---

[2] Moreover, other jurisdictions considering similar actions have upheld the fleeing motorist's liability to the injured police officer. *Rhea v. Green*, 29 Colo. App. 19, 476 P. (2d) 760 (1970); *Brechtel v. Lopez*, 140 So. (2d) 189 (La. 1962); *MacDonald v. Hall*, 244 A. (2d) 809 (Me. 1968); 51 A. L. R. (3d) 1226.