**George B. AUXIER, Plaintiff-Appellant,**

**v.**

**Michael W. AUXIER d/b/a/ A & C Construction, Defendant-Appellee.**

No. 91CA0485.

Colorado Court of Appeals, Div. III.

July 2, 1992.

Rehearing Denied Aug. 20, 1992.

Certiorari Denied Jan. 4, 1993.

Ronald A. Peterson, J.D., Ronald A. Peterson, Colorado Springs, for plaintiff-appellant.

Anderson, Campbell & Laugesen, P.C., Jack Kent Anderson, Teresa W. Seymour, Denver, for defendant-appellee.

Opinion by Judge RULAND.

In an action to recover damages for personal injuries, plaintiff, George B. Auxier, appeals from a summary judgment dismissing his complaint against defendant, Michael Auxier d/b/a A & C Construction, a partnership. We affirm in part, reverse in part, and remand for further proceedings.

Michael Auxier was constructing a single-family residence on a residential lot owned by A & C Construction. Plaintiff and Michael had agreed that plaintiff, an experienced construction worker, would return to work for Michael, but the rate of compensation and the type of work plaintiff would perform had not been resolved. Pursuant to Michael's request, plaintiff visited the construction site to familiarize himself with the project.

While at the site, plaintiff contacted Michael's son to discuss the project. In the course of that conversation, the son either suggested or plaintiff offered to go onto the roof to install paint on soffits with an air compressor spray gun. Plaintiff was wearing tennis shoes which are suitable footwear for a roof top.

The roofer had installed tar paper on top of the particle board surface of the roof, and the roof has a pitch such that for every foot of linear distance, the roof rises seven inches. Shingling was scheduled for a later date.

Plaintiff was on the roof a short time painting when he fell to the ground. He suffered substantial injuries and has no recollection of what caused the fall.

The depositions and affidavits of the parties establish that the son inspected the roof shortly after obtaining medical assistance for plaintiff and determined that a number of staples and nails were protruding from the roof surface up to one-quarter inch. He also discovered a piece of wood protruding from the roof.

The roofer's affidavit indicates that if there were staples protruding from the roof, this would create a dangerous condition. In Michael Auxier's deposition, he indicates that, unless an experienced construction worker trips on some object, there is no reason to fall from the roof. He also characterized plaintiff as a careful construction worker.

Plaintiff's complaint alleged three theories: (1) common law negligence; (2) *res ipsa loquitur;* and (3) violations of regulations adopted pursuant to the Occupational Safety and Health Act (OSHA), 29 U.S.C.A. § 651, et seq. (1985). In the course of submissions of the parties on defendant's motion for summary judgment, plaintiff abandoned his claim under OSHA but asserted that OSHA regulations were admissible to establish a standard of care.

Following its review of the summary judgment papers, the trial court concluded that the probabilities were evenly balanced for and against the existence of negligence. On that basis, the court dismissed both the claim predicated upon common law negligence and the claim predicated upon *res*

*ipsa loquitur.* The court further concluded that the OSHA regulations were not admissible to establish a standard of care for negligence because of the parties' agreement that plaintiff was not an employee at the time of the accident.

## I

Plaintiff initially contends that the trial court erred in concluding, in effect, that the summary judgment submissions failed to establish any material issue of fact as to the existence of negligence. Defendant responds that those submissions failed to establish either a duty of care from defendant to plaintiff or a breach of any duty. We agree with plaintiff.

We initially reject defendant's contention that the record does not support there being any legal duty of care owed to plaintiff.

The premises owner's duty to an entrant on his property is governed by the rules adopted in *Mile High Fence Co. v. Radovich*, 175 Colo. 537, 489 P.2d 308 (1971). *See Gallegos v. Phipps*, 779 P.2d 856 (Colo. 1989).

■ Under the circumstances here, *Mile High* imposes a duty upon Michael to furnish a reasonably safe place even for a non-employee, such as plaintiff, to work. *See Titan Construction Co. v. Nolf*, 31 Colo. App. 21, 500 P.2d 377 (1972), *rev'd on other grounds*, 183 Colo. 188, 515 P.2d 1123 (1973). This is because of the foreseeability of harm to plaintiff. *See Wills v. Bath Excavating & Construction Co.*, 829 P.2d 405 (Colo.App.1991) (*cert. granted*, May 11, 1992).

■ With reference to defendant's contention that there was no breach of any duty, we note that, upon review of a summary judgment, any doubt as to the existence of a material issue of fact relative to the existence of common law negligence must be resolved in favor of plaintiff, and plaintiff must receive the benefit of all favorable inferences which may be drawn from the undisputed facts. *See Mancuso v. United Bank*, 818 P.2d 732 (Colo.1991).

■ Here, defendant's son ascertained that there were protruding staples, nails, and a piece of wood on the roof immediately after the fall, and the roofer's affidavit confirms that such would constitute a dangerous condition. While the precise location of these protrusions is not clear, neither is plaintiff's position on the roof just prior to the fall. Hence, giving plaintiff the benefit of all favorable inferences, we conclude that entry of summary judgment dismissing the complaint was improper. *See Mancuso v. United Bank, supra.*

## II

Plaintiff next contends that the trial court erred in dismissing his claim based upon the evidentiary doctrine of *res ipsa loquitur.* Again, we agree.

■ As pertinent here, under the doctrine of *res ipsa loquitur*, it is unnecessary for plaintiff conclusively to exclude all other possible explanations for the accident other than defendant's negligence. And, the evidence must be viewed, again, in a light most favorable to plaintiff in determining whether defendant's negligence is the probable explanation. *See Ravin v. Gambrell*, 788 P.2d 817 (Colo.1990).

■ Viewing the summary judgment submissions in that context, we conclude that the trial court erred in dismissing this claim. The record reflects that plaintiff generally exercised due care in construction work, that a careful worker does not fall unless there are latent protrusions on a roof, and that such protrusions existed prior to plaintiff's fall.

## III

■ Plaintiff finally contends that the trial court erred in ruling that pertinent OSHA regulations were not admissible in evidence to establish a standard of care required for work undertaken from the roof of the structure. Defendant responds that OSHA does not apply in this case because plaintiff was not his employee at the time of the accident. We concur with the trial court's ruling.

Plaintiff must first demonstrate that he is a member of the class that the OSHA

statute was intended to protect. *See Rabon v. Automatic Fasteners, Inc.*, 672 F.2d 1231 (5th Cir.1982); *see also Hageman v. TSI, Inc.*, 786 P.2d 452 (Colo.App.1989). Pursuant to OSHA, the regulations in question apply to "employees." *See* 29 U.S.C.A. § 652(5) & (6) (1985).

Courts in other jurisdictions do not agree on whether OSHA regulates only the obligations of an employer to its employees or whether it applies to the employees of others on the employer's work site. *See Teal v. E.I. DuPont & Co.*, 728 F.2d 799 (6th Cir.1984) (OSHA applies for the benefit of all employees on the project, including employees of an independent contractor who performs work at another employer's work place.); *Melerine v. Avondale Shipyards, Inc.*, 659 F.2d 706 (5th Cir.1981) (OSHA regulates only the obligation of an employer to his employees). However, we find no authority, and plaintiff has cited none, in which OSHA regulations have been applied for the benefit of third persons who were not employed by anyone at the work site.

Here, the parties agree that plaintiff was not defendant's employee at the time of the accident, and there is no suggestion that he was either a subcontractor or the employee of any other firm engaged to work at the site. Hence, OSHA and the regulations do not apply.

That part of the judgment determining that the OSHA regulations are not pertinent to resolution of plaintiff's claims is affirmed. The balance of the judgment is reversed, and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

METZGER, J., concurs.

JONES, J., concurs in part and dissents in part.

Judge JONES concurring in part and dissenting in part.

I respectfully dissent as to Parts I and II because I believe that the trial court properly entered summary judgment in this matter. I concur with Part III.

Summary judgment is warranted only upon a clear showing that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Churchey v. Adolph Coors Co.*, 759 P.2d 1336 (Colo. 1988). Once the movant shows that genuine issues are absent, the burden shifts to the opposing party to demonstrate a true factual controversy. In the absence of a demonstrated controversy, summary judgment is proper. *Heller v. First National Bank*, 657 P.2d 992 (Colo.App.1982). Thus, the question before this court is whether either party has demonstrated the existence of any factual controversy that would render summary judgment inappropriate. I believe they have not.

## I.

To recover on his claim of negligence, plaintiff must establish the existence of a legal duty and a breach of a duty on the part of defendant.

The parties stipulated that plaintiff was not an employee of defendant at the time of his fall in September 1988. Therefore, the defendant's applicable duty of care to plaintiff is the general legal standard of care enunciated in *Mile High Fence Co. v. Radovich*, 175 Colo. 537, 489 P.2d 308 (1971). Such duty of care is to "act as a reasonable [person] in view of the probability of injury to others."

In *Mile High*, the court held that a fence company could foresee or, by the exercise of reasonable care, should have foreseen, the probability that someone using an alley might inadvertently deviate from the alley, step into a post hole, and incur injury. I believe that plaintiff's reliance on this holding to demonstrate that defendant has breached a duty of care is not analogous to the facts at hand.

The roof of a house under construction is not a place upon which someone might inadvertently stumble. Thus, I consider defendant's duty as a reasonable property owner to be to guard against foreseeable injuries to those persons having some foreseeable reason to be on top of the roof. The only persons who would foreseeably be on the roof, under such circumstances, are

construction workers, such as plaintiff, who would be aware of the dangers inherently associated with a roof under construction. And, I note that the pleadings are devoid of any evidence of any dangerous condition on the roof other than what would normally be foreseeably associated with a roof under construction.

As well, because the affidavits do not reveal that plaintiff fell from tripping on any dangerous condition which existed on the roof, such as staples or protruding pieces of wood, I conclude that plaintiff did not meet his burden to show genuine issues as to material facts.

Thus, I perceive no genuine factual issue that could support a conclusion that defendant has breached his duty of reasonable care to plaintiff. Accordingly, in my view, summary judgment was properly entered, as a matter of law, against plaintiff on his claim of negligence. *Churchey v. Adolph Coors, Co., supra.*

## II.

In order to prevail on his claim of *res ipsa loquitur*, plaintiff must first demonstrate that: "The event is the kind which ordinarily does not occur in the absence of negligence." *Montgomery Elevator Co. v. Gordon,* 619 P.2d 66 (Colo.1980).

The pleadings, as noted, and matters submitted in support of plaintiff's motion, fail to demonstrate any evidence that defendant was negligent in the construction of the roof. Furthermore, I believe that plaintiff's reliance on defendant's admission that "unless you trip on something, there is no reason to fall off a roof," does not establish the existence of negligent roof construction. This statement merely demonstrates the obvious fact that it may be possible to trip on materials normally used in the construction of a roof and fall off.

Thus, I conclude that no genuine issue of fact exists as to the first element of plaintiff's claim of *res ipsa loquitur,* and accordingly, such claim was properly disposed of by summary judgment. *See Churchey v. Adolph Coors, Co., supra.*

Therefore, I would affirm the summary judgment entered against plaintiff.