**Abraham RAMIREZ, Plaintiff,**

v.

**IBP, INC., Defendant.**

**No. 92–2467–KHV.**

United States District Court,
D. Kansas.

Aug. 28, 1996.

David O. Alegria, McCullough, Wareheim & LaBunker, P.A., Topeka, KS, for plaintiff.

John J. Jurcyk Jr., McAnany, Van Cleave & Phillips, P.A., Kansas City, KS, for defendant.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

Plaintiff Abraham Ramirez initiated this suit against IBP, inc., alleging that IBP wrongfully discharged him in violation of Kansas public policy, for pursuing rights under the Kansas Workers' Compensation Act. After a five day trial, the jury returned a verdict in favor of defendant. The matter now comes before the Court on *Plaintiff's Motion For A New Trial* (Doc. # 183) filed July 26, 1996.

Plaintiff asserts that the Court erred in excluding evidence that (1) defendant self-insures workers' compensation claims; (2) defendant retains in-house counsel to handle workers' compensation claims; and (3) defendant sets annual goals with respect to workers' compensation claims. Plaintiff also argues that the Court should have stricken for cause a potential juror who worked for a company that does business with defendant.

■ The decision to grant a motion for new trial is committed to the trial court's sound discretion. *Marsh v. Coleman Co.,* 806 F.Supp. 1505, 1509 (D.Kan.1992). Motions for new trial are not regarded with favor and are only granted with great caution. *Id.* In considering a motion for new trial, the Court must view the evidence in the light most favorable to the prevailing party, *Neyman v. United Telecommunications, Inc.,* 1992 WL 97808, Case No. 90–2033–O (D.Kan. April 7, 1992), *aff'd,* 1 F.3d 1249 (10th Cir.1993), and should not grant the motion unless prejudicial error has occurred or substantial justice has not been done. *Miller v. City of Mission, Kan.,* 516 F.Supp. 1333, 1337 (D.Kan.1981). Moreover, the Court should "exercise judgment in preference to the automatic reversal for 'error' and ignore errors that do not affect the essential fairness of the trial." *McDonough Power Equipment, Inc. v. Greenwood,* 464 U.S. 548, 553, 104 S.Ct. 845, 848, 78 L.Ed.2d 663 (1984).

■ Prior to trial, the Court sustained defendant's motion in limine with respect to evidence that defendant is self-insured and retains in-house counsel to handle workers' compensation claims. The Court found that such evidence was not probative of defendant's intent to retaliate against plaintiff. Plaintiff did not sufficiently demonstrate the relevance of such evidence at that time, and he cites nothing additional to convince the Court that it erred in excluding it.

As to evidence that defendant sets annual goals with respect to workers' compensation claims, the Court provided ample opportunity for plaintiff to present evidence at trial of any such goals at the Finney County plant during the time that plaintiff worked there. Plaintiff was unable to do so. Thus, any prejudice resulting from lack of evidence on workers' compensation goals is a consequence of plaintiff's failure to produce sufficient evidence on this issue.

■ Finally, plaintiff contends that the Court erred in not striking a potential juror who worked for a company that does business with defendant. Plaintiff asserts that the potential juror indicated that he did not know what would happen if he rendered a verdict against defendant and that he would rather not serve as a juror in the case. Plaintiff contends the challenged juror demonstrated a frame of mind which, subconsciously, would have prevented him from fairly assessing plaintiff's evidence. The Court questioned the potential juror at length. Based on his responses to questions whether he could fairly and impartially weigh the evidence, the Court decided to leave him on the jury panel. The Court does not believe it erred in making that decision. Even if plaintiff is correct in his assertion that the Court should have stricken the potential juror, however, plaintiff's right to an impartial jury was not infringed because he exercised a peremptory challenge to remove the potential juror. *See Getter v. Wal–Mart Stores, Inc.,* 66 F.3d 1119, 1123 (10th Cir.1995). Thus, the error alleged by plaintiff is harmless. *Id.*

**IT IS THEREFORE ORDERED** that *Plaintiff's Motion For A New Trial* (Doc. # 183) filed July 26, 1996, be and hereby is overruled.