**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 23 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DANIEL K. JONES and TRACY L.
JONES,

          Plaintiffs-Appellants,

v.

MONTE McKITTERICK,

          Defendant-Appellee.

No. 99-1043
(D.C. No. 96-B-2393)
(D.Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY** and **McWILLIAMS**, Circuit Judges, and **ROGERS**, Senior District Judge.[**]

---

This is a personal injury action where there is diversity jurisdiction. This appeal

was filed following a jury verdict for the defendant. Plaintiffs, Daniel Jones and his wife

Tracy Jones, present five issues for review. Upon due consideration, the court shall

affirm the judgment of the district court.

Daniel Jones was injured while hammering a nail into a joist hanger at defendant's

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir.R. 36.3.

[**]The Honorable Richard D. Rogers, Senior United States District Judge for the District of Kansas, sitting by designation.

home addition construction site. A nail he struck ricocheted and damaged Jones' left eye. Jones was not wearing eye protection at the time. Jones had not worked on a construction site before. He was in the military but scheduled to get out in some months. He asked to work on the home addition project to get some experience or training in the construction trade. He was not paid.

When he was injured Jones was above an open garage door on the joist hangers he was nailing. Beforehand, defendant had tacked nails into the joist hangers. Jones' job was to "nail off" the joist hangers. In other words, he finished hammering the nails into the hangers.

Plaintiffs alleged negligence on the grounds that defendant did not provide Jones eye protection or warn him of the dangers of hammering nails without eye protection. However, prior to trial, the district court granted a motion in limine which excluded any testimony about OSHA eye protection regulations from a witness plaintiffs had endorsed as an expert. Plaintiffs also alleged that defendant negligently failed to instruct Jones regarding how to safely position himself to drive a nail.

At trial, plaintiffs argued that the injury occurred because, unbeknownst to Jones, defendant had broken a nail in the joist hanger and, when Jones tried to hammer a new nail into the hole, it struck the broken nail and ricocheted into his eye. Defendant asserted that the injury occurred because Jones mishit and bent back a nail which caused it to weaken and break when Jones tried to hammer the nail again.

2

<u>Voir dire</u>

The first two issues raised by plaintiffs on appeal concern voir dire. First, plaintiffs contend that a new trial should be ordered because the trial judge told the jury during voir dire that the State Farm Insurance Company was "not a party to this case." The comment was made in the following context:

> THE COURT: Okay. Do any of you have any interests, stock, shareholder, or other interest in State Farm Insurance Company? Okay.
>
> PROSPECTIVE JUROR DEWIRE: Excuse me.
>
> THE COURT: Yes, ma'am.
>
> PROSPECTIVE JUROR DEWIRE: My parents are in a lawsuit right now with State Farm. I don't know whether that will affect anything. It was an accident case.
>
> THE COURT: How does that make you feel sitting here today in view of the spirit in which these questions are asked of you?
>
> PROSPECTIVE JUROR DEWIRE: I would try to be as truthful as I could be, but I can't help but see what they have gone through and the feeling that they've had. That's something I cannot help.
>
> THE COURT: Do you feel that this really--well, you know, we can't look into your mind. And I've tried to set the spirit of what we're after here, and I appreciate your bringing this to our attention. So I guess we're going to kind of need to trust you on this as to whether you would be comfortable serving as a judge of the facts in this particular case.
>
> PROSPECTIVE JUROR DEWIRE: It honestly just depends on how much the insurance company is involved.
>
> THE COURT: Well, they're not--you know they're not a party to this case.
>
> PROSPECTIVE JUROR DEWIRE: They are not?

THE COURT:  No.

PROSPECTIVE JUROR DEWIRE:  Okay.  Then that would make a difference.

THE COURT:  Okay.  I mean the parties are Daniel K. Jones and Tracy L. Jones, Plaintiffs, versus Monte McKitterick, Defendant.  Okay?

PROSPECTIVE JUROR DEWIRE:  Okay.

App. at 220-222.

The question regarding State Farm was made at plaintiffs' request presumably because State Farm <u>was</u> involved in the defense of this case, although it was not a party. The prospective juror who responded to the question was not selected to hear the case.

Plaintiffs assert that the comment of the court violates the rule in Colorado that "during the actual trial of a case, it is improper to mention insurance in either a positive or negative manner." <u>Liber v. Flor</u>, 415 P.2d 332, 339 (Colo. 1966).  See also, <u>Bonser v. Shainholtz</u>, 983 P.2d 162 (Colo.App. 1999) (error to admit evidence of commonality of liability insurance to show bias of a witness).

In this instance, the trial court's statement did not admit or deny the presence of insurance in the case.  The statement only denied the presence of <u>one</u> insurance company as a party in the case.  Contrary to plaintiffs' claim, the trial court did not say there was no insurance.  Moreover, plaintiffs engage in sheer speculation when they assert that the trial court's statement limited the jury from responding to the question regarding "interests" in State Farm.  Therefore, the trial court's statement regarding State Farm does not provide

grounds for ordering a new trial.

Plaintiffs' second issue related to voir dire also concerns the question asking whether the prospective jurors were stockholders or had "any interest" in the State Farm Insurance Company. Plaintiffs assert that two jurors gave false answers to this question because they failed to state that they were State Farm policyholders. Plaintiffs further assert that as policyholders these jurors were entitled to rebates from the company and that both jurors had been involved in automobile accidents while insured with State Farm.

Whether these allegations warrant a new trial is governed by the standard set forth in McDonough Power Equipment, Inc. v. Greenwood, 464 U.S. 548, 556 (1984): "To obtain a new trial . . . a party must first demonstrate that a juror failed to answer honestly a material question on voir dire, and then further show that a correct response would have provided a valid basis for a challenge for cause." Neither part of the standard has been satisfied in this case. The jurors could have honestly believed that holding a State Farm policy was not the same as having an "interest" in the company. In addition, this information by itself would not have provided a sufficient basis to excuse a juror for cause. See Oglesby v. Conger, 507 P.2d 883, 885 (Colo.App. 1972); see also, Nathan v. Boeing Co., 116 F.3d 422, 425 (9th Cir. 1997) (employee of defendant may serve on employment discrimination jury); Vasey v. Martin-Marietta Corp., 29 F.3d 1460, 1466-68 (10th Cir. 1994) (employee of consultant for defendant may serve on jury); Ramirez v. IBP, Inc., 938 F.Supp. 735 (D.Kan. 1996) aff'd, 131 F.3d 152 (10th Cir. 1997) (table)

5

(employee of company that did business with defendant may serve on jury). For these reasons, plaintiffs' second grounds on appeal must be rejected.

Surprise exhibits

Plaintiffs' third contention on appeal is that they were unfairly prejudiced by defendant's use of undisclosed "exhibits" during the trial. The only exhibits to which plaintiffs make specific reference are a joist hanger and a bag of nails. The hanger was admitted only as a demonstrative exhibit.

The trial record contains no objection to these exhibits from plaintiffs. Rule 103 of the Federal Rules of Evidence provides that "[e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected" and "[i]n case the ruling is one admitting evidence, a timely objection or motion to strike appears on record, stating the specific ground of the objection if the ground was not apparent from the context." In light of plaintiffs' failure to make a proper and timely objection at trial and the substantial discretion afforded trial judges in making evidentiary decisions, the court shall reject plaintiffs' third argument on appeal. See Sorensen v. City of Aurora, 984 F.2d 349, 355 (10th Cir. 1993).

OSHA regulations

Plaintiffs next challenge the decision of the trial court to exclude expert testimony on OSHA eye protection regulations. The trial court, in an oral ruling, found that the regulations were not applicable because: there was no employer/employee relationship

6

between defendant and Daniel Jones; application would affect or enlarge the common law duties of employers contrary to 29 U.S.C. § 653(b)(4); and their own definition excluded their application. App. at 111.

We find no error in the analysis of the trial court. Because there was no employer/employee relationship between Daniel Jones and defendant, OSHA regulations do not directly apply and should not be considered under Colorado law. Auxier v. Auxier, 843 P.2d 93, 95-96 (Colo.App. 1992); see also, Lynch v. Reed, 944 P.2d 218, 223-24 (Mont. 1997); Kerker v. Elbert, 634 N.E.2d 482, 486 (Ill.App. 1994) (no duty owed under OSHA to volunteer laborers). In addition, if an employer/employee relationship did exist, defendant does not qualify as an "employer" under OSHA, i.e., a person "engaged in a business affecting commerce." 29 U.S.C. § 652(5); see Dekle v. Todd, 207 S.E.2d 654, 656 (Ga.App. 1974) (repairing roof on employer's farm was not being "engaged in a business affecting commerce").

Accordingly, we reject plaintiffs' fourth argument on appeal.

Weight of the evidence

Finally, plaintiffs contend that the jury verdict was against the weight of the evidence. "A motion for a new trial made on the ground that the verdict of the jury is against the weight of the evidence normally presents a question of fact and not of law and is addressed to the discretion of the trial court." Richardson v. City of Albuquerque, 857 F.2d 727, 730 (10th Cir.1988). Our standard of review on such matters is whether the

7

denial of the motion for new trial was "a manifest abuse of discretion." Id. We must determine "whether the verdict is clearly, decidedly or overwhelmingly against the weight of the evidence." Getter v. Wal-Mart Stores, Inc., 66 F.3d 1119, 1125 (10th Cir.1995) cert. denied, 516 U.S. 1146 (1996). Here, our review of the trial record reveals substantial evidence to support the jury's verdict. The record indicates uncertainty by Daniel Jones as to the cause of his injury. Moreover, the jury was entitled to credit the testimony of defendant's expert over the evidence and testimony presented by plaintiffs. The verdict was not clearly, decidedly, or overwhelmingly against the evidence. We therefore find no abuse of discretion in the district court's denial of plaintiffs' motion for a new trial.

In conclusion, we find that a new trial is not warranted by the arguments presented on appeal and that the jury verdict is not contrary to the clear weight of the evidence.

Therefore, we affirm the judgment of the trial court.

Entered for the Court

Richard D. Rogers
District Judge